[No. C052051. Third Dist. Nov. 22, 2006.]

In re CHONG K., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
CHONG K., Defendant and Appellant.

**COUNSEL**

Joseph Shipp, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Stan Cross and Susan Rankin Bunting, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ROBIE, J.**—On January 9, 1996, the juvenile court committed appellant to the California Youth Authority (CYA)[1] based on findings in two petitions that he committed the crimes of evading a peace officer by vehicle chase, murder, conspiracy to commit murder, and unlawful taking of a vehicle. On October 15, 2004, appellant was honorably discharged from CYA.

On July 12, 2005, at appellant's request, the probation department filed a petition to have his record sealed. (Welf. & Inst. Code,[2] § 781, subd. (a).) On August 1, the court found appellant eligible to have his record sealed, but not yet suitable, and continued the matter to September for him to obtain counsel. On September 12, 2005, the court appointed the public defender to represent appellant.

On January 6, 2006, the court concluded appellant was not eligible to have his juvenile record sealed and denied the petition.

On appeal, appellant contends the court erred in determining that an amendment to section 781 in 2000,[3] which provided that persons over 14 years of age who committed murder could not have their juvenile records sealed, applied to him. In his view: (1) the amendment does not apply to offenses occurring before 2000; (2) even if it does, application of the amendment to him violates the proscription against ex post facto laws; (3) application of the amendment based solely on age constitutes a denial of equal protection; and (4) an honorable discharge from CYA permits sealing of the record notwithstanding the amendment to section 781. We reject each contention.

## DISCUSSION

### I

### *The Amendment Applies to Offenses Occurring Before 2000*

Proposition 21 amended section 781, subdivision (a), to read in pertinent part as follows: "In any case in which a petition has been filed with a juvenile

---

[1] The California Youth Authority is now known as Juvenile Justice, California Department of Corrections and Rehabilitation.

[2] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[3] This amendment was part of Proposition 21 passed by the voters at the March 7, 2000 election, and known as the Gang Violence and Juvenile Crime Prevention Act of 1998, which went into effect on March 8, 2000.

court to commence proceedings to adjudge a person a ward of the court . . . , the person or the county probation officer may, five years or more after the jurisdiction of the juvenile court has terminated as to the person, . . . or, in any case, at any time after the person has reached the age of 18 years, petition the court for sealing of the records . . . . If, after hearing, the court finds that since the termination of jurisdiction . . . , he or she has not been convicted of a felony or of any misdemeanor involving moral turpitude and that rehabilitation has been attained to the satisfaction of the court, it shall order all records, papers, and exhibits in the person's case in the custody of the juvenile court sealed . . . . *Notwithstanding any other provision of law, the court shall not order the person's records sealed in any case in which the person has been found by the juvenile court to have committed an offense listed in subdivision (b) of Section 707 when he or she had attained 14 years of age or older. . . .*" (Added provision in italics.)[4]

Murder is listed in subdivision (b)(1) of section 707, and appellant was 15 years of age at the time of the murder.

Appellant claims application of Proposition 21's amendment to him was an improper retrospective application of the amendment since the offenses which triggered his section 602 proceedings were committed before the effective date of the amendment and nothing in the amendment states that it is to be applied retrospectively. We reject the claim.

■ "It is well settled that a new statute is presumed to operate prospectively absent an express declaration of retrospectivity or a clear indication that the electorate, or the Legislature intended otherwise." (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 287 [279 Cal.Rptr. 592, 807 P.2d 434].) Here, we have a clear indication that the voters intended "otherwise."

*John L. v. Superior Court* (2004) 33 Cal.4th 158 [14 Cal.Rptr.3d 261, 91 P.3d 205] is instructive. There, the petitioners claimed Proposition 21's amendment to section 777, which made procedural changes to section 777 bringing it in line with adult probation revocation proceedings, did not apply

---

[4] "Before Proposition 21's amendments, section 781, subdivision (a) prohibited the sealing of juvenile records relating to a section 707, subdivision (b) offense only ' "until at least six years have elapsed since commission of [that] offense." ' (Historical and Statutory Notes, 73A West's Ann. Welf. & Inst. Code (2002 supp.) foll. § 781, pp. 81–82.)" (*People v. Superior Court (Manuel G.)* (2002) 104 Cal.App.4th 915, 920, fn. 2 [128 Cal.Rptr.2d 794].)

to them, i.e., was not retrospective, because their section 602 offenses occurred before the amendment's operative date of March 8, 2000.[5] (*John L.,* at pp. 167, 168–169.)

In rejecting this claim, the court in *John L.* stated: "In making procedural changes to juvenile probation violation proceedings, Proposition 21 did not amend section 777 to state that the original section 602 offense must occur on or after March 8, 2000 in order for the changes to apply. By its own terms, section 777(a)(2) broadly applies where the person is 'a court ward or probationer under Section 602 in the original matter and the notice alleges a violation of a condition of probation not amounting to a crime.' Section 777 also contemplates 'a noticed hearing' conforming to the statute's requirements, including Proposition 21's new standard of proof and evidentiary rules. (§ 777, 1st par.) [¶] The quoted language is unqualified and its meaning seems plain. Any 'noticed hearing' held while Proposition 21's changes to section 777 are in effect is subject to their terms, regardless of when the section 602 offense 'in the original matter' occurred. (§ 777(a)(2).) If voters had intended to limit such amendments to probationers who committed their section 602 crimes *after* the initiative's effective date, Proposition 21 could have so provided. (Cal. Const., art. II, § 10, subd. (a).) We would have to rewrite the statute in order to restrict its scope in this manner. (See *People v. Ansell* (2001) 25 Cal.4th 868 [108 Cal.Rptr.2d 145, 24 P.3d 1174] . . . [subjecting convicted sex offenders to new restrictions on procedure for removing civil disabilities even where qualifying crimes predated statutory change].)" (*John L. v. Superior Court, supra,* 33 Cal.4th at p. 169, fn. omitted.)

■ Here, Proposition 21's amendment to section 781 is likewise "unqualified and its meaning seems plain"—"the court shall not order the person's records sealed *in any case* in which the person has been found by the juvenile court to have committed an offense listed in subdivision (b) of Section 707 when he or she had attained 14 years of age . . . ." (§ 781, subd. (a), italics added.) As in *John L.,* had the voters intended to limit

---

[5] As amended by Proposition 21, section 777 provides: "An order changing or modifying a previous order by [dictating a more restrictive placement] . . . shall be made only after a noticed hearing. [¶] (a) The notice shall be made as follows: [¶] . . . [¶] (2) By the probation officer or the prosecuting attorney if the minor is a court ward or probationer under Section 602 in the original matter and the notice alleges a violation of a condition of probation not amounting to a crime. The notice shall contain a concise statement of facts sufficient to support this conclusion. [¶] . . . [¶] (c) The facts alleged in the notice shall be established by a preponderance of the evidence at a hearing to change, modify, or set aside a previous order. The court may admit and consider reliable hearsay evidence at the hearing to the same extent that such evidence would be admissible in an adult probation revocation hearing, pursuant to the decision in People v. Brown, 215 Cal.App.3d (1989) and any other relevant provision of law."

Proposition 21's amendment to offenses occurring after its effective date they would have said so. Since they did not say so, we must conclude the voters intended the amendment to operate retrospectively.

Appellant attempts to distinguish *John L.*, pointing out that this case involves a substantive change in the law whereas *John L.* involved a procedural change. The point is immaterial—*John L.*'s conclusion, like ours here, did not turn on any differentiation between substantive versus procedural changes; instead it turned on the clear wording of the amendment. Accordingly, Proposition 21's amendment to section 781 applies to all petitions to seal juvenile records brought under that statute on or after March 8, 2000, regardless of when the underlying offenses occurred.

## II

### *The Amendment Is Not an Ex Post Facto Law*

Appellant next contends the application of Proposition 21's amendment to section 781 to him violates the proscription against ex post facto laws. This is so, he urges, because the intent of the amendment was to be punitive. As appellant recognizes, in a lengthy and detailed analysis, his argument was rejected in *People v. Superior Court (Manuel G.)*, *supra*, 104 Cal.App.4th 915, at pages 929–933. For the reasons set forth in *Manuel G.*, we too reject appellant's argument.

## III

### *The Amendment Is Not a Denial of Equal Protection*

Appellant contends that Proposition 21's amendment to section 781 denies him equal protection of the law by permitting persons who committed their crimes when they were under 14 years of age to have their records sealed, but refusing such sealing to persons who, like himself, committed their offenses when they were over 14 years of age. We reject the contention.

"As summarized in *In re Arthur W.* (1985) 171 Cal.App.3d 179 [217 Cal.Rptr. 183], if a statute adversely affects a 'fundamental right,' is ' "protected by [a] specific guarantee of the United States Constitution," ' involves

a 'suspect classification' or ' "discrete and insular minority" ' or has an impact on ' "the integrity of the political process," ' we apply a strict scrutiny standard and look for a compelling state interest that cannot be accomplished by less restrictive means to uphold the statute. [Citation.] In all other cases, the statute is vested with a presumption of constitutionality and need only bear a rational relationship to some conceivable legitimate legislative purpose." (*Hicks v. Superior Court* (1995) 36 Cal.App.4th 1649, 1657 [43 Cal.Rptr.2d 269], fn. omitted.)

Where a suspect classification is not involved, the burden is on the party challenging the constitutionality of the statute to establish that its classification is arbitrary. (*Board of Education v. Watson* (1966) 63 Cal.2d 829, 833 [48 Cal.Rptr. 481, 409 P.2d 481].) Age is not a suspect classification. (*Rittenband v. Cory* (1984) 159 Cal.App.3d 410, 418 [205 Cal.Rptr. 576], and cases cited therein.)

■ Appellant has failed to establish that the classification is arbitrary. Indeed, it has long been accepted that 14 years of age is a legitimate cutoff point for distinguishing the maturity level of youths. (See, e.g., Pen. Code, § 26, class One [persons under 14 years of age presumed not to know the wrongfulness of their acts]; Evid. Code, § 765, subd. (b) [trial court to take protective measures for witnesses under the age of 14].) The drafters of Proposition 21's amendment to section 781 could have rationally determined that youthful offenders who committed a section 707, subdivision (b) offense when they were 14 years of age or older are not as susceptible to rehabilitation and therefore remain more dangerous than those offenders of lesser maturity who committed similar offenses when they were under 14 years of age and thus, for the general protection, members of society should be aware when they are dealing with members of the former group.

## IV

*Appellant Is Not Entitled to Have His Record Sealed
Because of His Honorable Discharge*

Appellant contends that notwithstanding the amendment to section 781 restricting the sealing of juvenile records, sections 1179, subdivision (a) and 1772, subdivision (a) permit him to have his juvenile record sealed. Appellant is wrong.

Section 1179, subdivision (a), provides: "All persons honorably discharged from control of the Youth Authority Board shall thereafter be released from all penalties or disabilities resulting from the offenses for which they were committed, including, but not limited to, any disqualification for employment or occupational license, or both, created by any other provision of law. . . ."

Section 1772, subdivision (a), provides: "[E]very person honorably discharged from control by the Youth Authority Board who has not, during the period of control by the authority, been placed by the authority in a state prison shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he or she was committed, and every person discharged may petition the court . . . , and the court may upon that petition set aside the verdict of guilty and dismiss the accusation or information against the petitioner who shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he or she was committed . . . ."

Appellant argues that the phrase "all penalties and disabilities" for which relief is granted in sections 1179 and 1772 includes the sealing of his juvenile record. Even if this were so (but see *People v. Sharman* (1971) 17 Cal.App.3d 550, 552 [95 Cal.Rptr. 134] [relief from "all penalties and disabilities," as used for adult probationers in Penal Code section 1203.4, does not include sealing of records]), appellant's position must be rejected.

Since section 1179, subdivision (a) and section 1772, subdivision (a) were substantively no different than as cited above when section 781 was amended by Proposition 21, and because the amendment is clear and unambiguous in precluding sealing of records for section 707, subdivision (b) offenses, the amendment constitutes a " 'specific provision relating to a particular subject [which] will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates.' " (*San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 577 [7 Cal.Rptr.2d 245, 828 P.2d 147].) Consequently, the court did not err in refusing to seal appellant's juvenile record.

## DISPOSITION

The juvenile court's order denying appellant's request to seal his juvenile record is affirmed.

Scotland, P. J., and Raye, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 14, 2007, S148614.