Filed 3/5/15 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re G.Y., a Person Coming Under the Juvenile Court Law. _____ THE PEOPLE,     Plaintiff and Respondent,     v. G.Y.,     Defendant and Appellant. | H040722 (Santa Clara County Super. Ct. No. JV18652) ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on February 3, 2015, and certified for publication on March 3, 2015, be modified as follows:

1. On page 6, delete footnote 4.

2. On page 9, the third full paragraph, second sentence, beginning "It provides that juvenile records shall not be destroyed,"delete the word "not" so the sentence reads:

> It provides that juvenile records shall be destroyed for a person: (1) whose records have been sealed; (2) who is 38 years old; and (3) who was alleged or adjudged to be a person described by section 602.

There is no change in the judgment.

_____          _____
Date                             Mihara, J.


                                 _____
                                 Elia, Acting P. J.


                                 _____
                                 Bamattre-Manoukian, J.


*People v. G.Y.*
H040722

2

Filed 2/3/15 (unmodified version); pub. order 3/3/15 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re G.Y., a Person Coming Under the Juvenile Court Law. | H040722 (Santa Clara County Super. Ct. No. JV18652) |
| THE PEOPLE, Plaintiff and Respondent, v. G.Y., Defendant and Appellant. | |

Appellant G.Y. has appealed from an order denying his petition to seal his juvenile records. Though appellant provided overwhelming evidence of his rehabilitation, the juvenile court properly concluded that it had no authority to seal his juvenile records pursuant to Welfare and Institutions Code section 781.[1] We respectfully invite the Legislature to enact legislation that would remedy this unjust result.

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

## I. Factual and Procedural Background

In November 1998, after appellant was beaten by a group of men in a park, he went to his friend's house. He and his friend then took the friend's father's handgun and drove to the assailants' house. Appellant held the gun to a woman's head and threatened to shoot her unless she summoned the men from inside the house. She did so and two men, who were holding baseball bats, came out of the house. Appellant threatened to shoot one of the men, but he and his friend left.

In November 1998, the District Attorney filed a juvenile wardship petition (§ 602, subd. (a)), which alleged that appellant, who was then 17 years old, committed two counts of assault with a handgun and by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1) – counts 1 and 3), two counts of making criminal threats (Pen. Code, § 422 – counts 2 and 4), and one count of possession of a concealable firearm (Pen. Code, former § 12101, subd. (a) – count 5). It was also alleged that appellant personally used a firearm in the commission of counts 1 through 4. (Pen. Code, former § 12022.5, subd. (a)(1), § 1203.06.)

A month later, appellant admitted the allegations that he had committed one count of assault with a handgun with an enhancement for personal use of a firearm, one count of making criminal threats, and one count of possession of a concealable firearm. The remaining counts and allegations were dismissed. The juvenile court declared appellant a ward of the court and committed him to the juvenile ranch facilities for a maximum term of 15 years and four months. However, appellant successfully completed the program at the juvenile ranch facilities and was released on probation approximately four months later. He then began working in the family printing business and attending community college.

In November 2013, appellant filed a petition to reduce his prior felony counts to misdemeanors. Appellant submitted several exhibits documenting his accomplishments.

In 2006, appellant enlisted in the Army and served on active duty until November 2009. During that period, appellant was promoted to the rank of sergeant and received two Army Commendation Medals for his service in Iraq. Appellant also received numerous other achievement and leadership awards. Appellant provided two letters of recommendation from his commanding officers in the Army and an NCO (non-commissioned officer) evaluation that described his exemplary performance in the Army. After completing his active duty service, appellant enrolled in California State University, East Bay. In December 2012, he obtained his Bachelor of Science degree in Criminal Justice Administration. In 2013, appellant received another Army Commendation Medal for his outstanding contribution to military intelligence operations in Kuwait.

At the hearing on the petition, the deputy district attorney stated: "And, first of all, it would be foolish of me not to agree with it, since he is in counterintelligence. And, secondly, it's clear he's distinguished himself and has, in effect, I think, set the bar extremely high for anybody else who makes an appeal . . . ." The petition was granted.

In December 2013, appellant filed a petition for an order to seal his juvenile records pursuant to section 781. Appellant attached to his petition the same exhibits that he had provided with his petition to reduce his felony offenses to misdemeanors. Following a hearing, the court denied the petition. The trial court also noted: "And I certainly would like to see resolution of this issue, because I think that there has to be some either legislative change or if the Court of Appeal deems that there is an alternative interpretation."

## II. Discussion

The right to have juvenile records sealed is governed by section 781.[2]  Subdivision (a) of section 781 was amended in March 2000 pursuant to the voter initiative entitled Proposition 21.  It added the following language:  "Notwithstanding any other provision of law, the court shall not order the person's records sealed in any case in which the person has been found by the juvenile court to have committed an offense listed in subdivision (b) of Section 707 when he . . . had attained 14 years of age or older."[3] (§ 781, subd. (a).)

Appellant contends that the reduction of his prior felony assault with a firearm adjudication to a misdemeanor permitted the juvenile court to order his records sealed. He argues that section 707, subdivision (b) does not apply to a felony which was subsequently reduced to a misdemeanor.

"In interpreting a voter initiative such as Proposition [21], we apply the same principles that govern the construction of a statute.  [Citations.]  '"Our role in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.]"'  [Citations.]  [¶]  Our first task is to examine the language of the statute

---

[2]  Section 781, subdivision (a) provided in relevant part:  "In any case in which a petition has been filed with a juvenile court to commence proceedings to adjudge a person a ward of the court, . . . the person . . . may . . . at any time after the person has reached the age of 18 years, petition the court for sealing of the records, including records of arrest, relating to the person's case . . . .  If, after hearing, the court finds that since the termination of jurisdiction . . . that rehabilitation has been attained to the satisfaction of the court, it shall order all records . . . in the person's case in the custody of the juvenile court sealed . . . .  Notwithstanding any other provision of law, the court shall not order the person's records sealed in any case in which the person has been found by the juvenile court to have committed an offense listed in subdivision (b) of Section 707 when he . . . had attained 14 years of age or older."  (§ 781, subd. (a).)  Subsequent changes to the statute are not relevant to the present appeal.

[3]  One of the offenses listed in section 707, subdivision (b), which is relevant to the present case, is assault with a firearm.  (§ 707, subd. (b)(13).)

4

enacted as an initiative, giving the words their usual, ordinary meaning. [Citations.] If the language is clear and unambiguous, we follow the plain meaning of the measure. [Citations.] '[T]he "plain meaning" rule does not prohibit a court from determining whether the literal meaning of a measure comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute.' [Citation.] [¶] The language is construed in the context of the statute as a whole and the overall statutory scheme, and we give 'significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose. [Citation.]' [Citations.] The intent of the law prevails over the letter of the law, and '"the letter will, if possible, be so read as to conform to the spirit of the act. [Citation.]"' (*People v. Canty* (2004) 32 Cal.4th 1266, 1276-1277.)

"Proposition 21's amendment to section 781 is . . . 'unqualified and its meaning seems plain.'" (*In re Chong K.* (2006) 145 Cal.App.4th 13, 18.) The word "notwithstanding" is defined as "[i]n spite of." (Webster's II New College Dict. (3d ed. 2005) p. 766.) "When the Legislature intends for a statute to prevail over all contrary law, it typically signals this intent by using phrases like 'notwithstanding any other law' or 'notwithstanding other provisions of law.' [Citations.]" (*In re Greg F.* (2012) 55 Cal.4th 393, 406-407.) Thus, the phrase "[n]otwithstanding any other provision of law" in section 781, subdivision (a) prevails over contrary law. Under the plain meaning of the statute, the juvenile court has no power to seal juvenile records "in any case" in which (1) the juvenile court has found that the person "committed an offense listed in subdivision (b) of Section 707," and (2) the offense was committed when he was 14 years or older. (§ 781, subd. (a).)

Here, it is undisputed that the juvenile court found that appellant committed an assault with a firearm in 1998, an offense that is listed in section 707, subdivision (b), and

5

he committed the offense when he was over 14 years old.  Section 781, subdivision (a) does not specify that the offenses listed in section 707, subdivision (b) must be felonies.[4]

Nor do the cases upon which appellant relies advance his argument that section 707, subdivision (b) applies only to felonies.  In *In re Sim J.* (1995) 38 Cal.App.4th 94 (*Sim J.*), the court designated the minor's prior misdemeanor assault as a section 707, subdivision (b) offense, thereby extending the court's jurisdiction over him from age 21 to 25.  (*Sim J.*, at p. 96.)  After noting that *Ramona R. v. Superior Court* (1985) 37 Cal.3d 802, 805, assumed, without deciding, that section 707, subdivision (b) applied only to felonies, *Sim J.* held that section 707, subdivision (b) applied only to felony violations of the enumerated offenses.  (*Sim J.*, at p. 98.)  However, neither *Sim J.* nor *Ramona R.* considered the issue in the present case and thus do not support appellant's position.  (*People v. Casper* (2004) 33 Cal.4th 38, 43.)

Appellant's reliance on *People v. Vessell* (1995) 36 Cal.App.4th 285 (*Vessell*), *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968 (*Alvarez*), *People v. Park* (2013) 56 Cal.4th 782 (*Park*), and *People v. Culbert* (2013) 218 Cal.App.4th 184 (*Culbert*) is also misplaced.

In *Vessell*, *supra*, 36 Cal.App.4th 285, the defendant pleaded no contest to a violation of Penal Code section 273.5, which was punishable as either a felony or a misdemeanor in the court's discretion, and admitted that he had suffered a prior conviction for a serious or violent felony (Pen. Code, § 667, subds. (b)-(i)).  (*Vessell*, at p. 288.)  The trial court reduced the charge to a misdemeanor pursuant to Penal Code section 17, subdivision (b) and granted probation.  (*Vessell*, at p. 288.)  The Attorney

---

[4]    We note that section 781, subdivision (a) also sets forth the requirements for the sealing of records after a person has been taken into temporary custody pursuant to section 626.  One of those requirements is that the person has "not been convicted of a felony or of any misdemeanor involving moral turpitude . . . ."  (§ 781, subd. (a).)  Had the Legislature intended in the same subdivision of section 781 to include only felony offenses listed in section 707, subdivision (b), it would have used the same language.

General appealed and argued that the trial court had no discretion to reduce a felony charge to a misdemeanor on the ground that the "Three Strikes" law mandated a state prison term and thus the sentence was unauthorized. (*Vessell*, at p. 289.) The Attorney General focused on Penal Code section 667, subdivision (c) which provided in relevant part that, "'[n]otwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions,'" the trial court was not authorized to grant probation, suspend execution or imposition of sentence, or commit the defendant to any facility other than prison. (*Vessell*, at p. 290.) *Vessell* rejected the Attorney General's contention and concluded that the determination of whether a crime was a felony or a misdemeanor for purposes of the Three Strikes law did not occur at the time of the plea, but at sentencing. (*Vessell*, at pp. 290-291.) Thus, *Vessell* held that "because the trial court reduced the crime to a misdemeanor under [Penal Code] section 17, subdivision (b)(1), respondent was not convicted of a felony, and [Penal Code] section 667 [did] not apply." (*Vessell*, at p. 294.)

In *Alvarez*, *supra*, 14 Cal.4th 968, the defendant was convicted of felony possession of a controlled sentence and he admitted the truth of four prior strike convictions. (*Id.* at p. 973.) The trial court declared the current conviction a misdemeanor and imposed probation. (*Ibid.*) *Alvarez* held that the trial court retained its authority to reduce a "'wobbler'" offense to a misdemeanor at sentencing under the Three Strikes law. (*Alvarez*, at pp. 974-975.) "Thus, regardless of qualifying prior convictions, the initial sentencing determinant is whether the defendant 'has been convicted of a felony' in the current proceeding. [Citation.]" (*Id.* at p. 975.)

In *Park*, *supra*, 56 Cal.4th 782, the defendant's prior conviction of assault with a deadly weapon was reduced to a misdemeanor pursuant to Penal Code section 17, subdivision (b) and subsequently dismissed. (*Park*, at p. 787.) The defendant was later convicted of various offenses and admitted that he had suffered a prior serious felony

7

conviction within the meaning of Penal Code section 667, subdivision (a). (*Park*, at p. 788.) This statute mandates imposition of a five-year enhancement for "any person convicted of a serious felony who previously has been convicted of a serious felony." (Pen. Code, § 667, subd. (a).) *Park* held that since the prior felony offense had been reduced to a misdemeanor under Penal Code section 17, subdivision (b), it no longer qualified as a prior serious felony under Penal Code section 667, subdivision (a). (*Park*, at p. 798.) Relying on *Park*, *Culbert*, *supra*, 218 Cal.App.4th 184, held that the trial court erred in imposing an enhancement under Penal Code section 667, subdivision (a) when the defendant's prior conviction had been reduced to a misdemeanor. (*Culbert*, at p. 193.)

*Vessell*, *Alvarez*, *Park*, and *Culbert* are distinguishable from the present case. In contrast to those cases, here, the relevant language in section 781 makes no distinction between misdemeanors and felonies. It states that "in any case in which the person has been found by the juvenile court to have committed an offense listed in subdivision (b) of Section 707 . . . ." (§ 781.)

Moreover, even assuming that the "offenses" referred to in section 781 must be felonies, appellant admitted that he committed three felonies, including a felony offense listed in section 707, subdivision (b). The subsequent reduction of the felony to a misdemeanor did not alter the fact that a juvenile court had previously found that he committed a felony offense listed in section 707, subdivision (b). When the court later granted a motion to reduce the offense from a felony to a misdemeanor, "the offense became a misdemeanor from that point on, but not retroactively. [Citation.]" (*People v. Kennedy* (2011) 194 Cal.App.4th 1484, 1492.)

Our interpretation of section 781, subdivision (a) comports with the intent of Proposition 21. As *In re Jeffrey T.* (2006) 140 Cal.App.4th 1015 explained: "Section 781 was generally enacted 'to protect minors from future prejudice resulting from their

8

juvenile records.' [Citations.] . . . Voters, according to section 2 of Proposition 21, desired to 'eliminat[e] confidentiality in some juvenile proceedings in order to hold juvenile offenders more accountable for their actions.' [Citation.] This 'more recent and specific intent underlying Proposition 21's amendments to section 781 prevail[s] over th[e] general intent' recognized when the statute was initially enacted [citation]." (*Id.* at pp. 1020-1021.) Thus, we must conclude that the juvenile court had no authority to seal appellant's juvenile records.

Relying on section 781, subdivision (d), appellant also requests that his records be sealed but not destroyed.

Section 781, subdivision (d) states: "Unless for good cause the court determines that the juvenile court record shall be retained, the court shall order the destruction of a person's juvenile court records that are sealed pursuant to this section as follows: . . . when the person who is the subject of the record reaches the age of 38 if the person was alleged or adjudged to be a person described by Section 602, except that if the subject of the record was found to be a person described in Section 602 because of the commission of an offense listed in subdivision (b) of Section 707 when he or she was 14 years of age or older, the record shall not be destroyed."

Subdivision (d) of section 781 does not authorize the sealing of appellant's juvenile records. It provides that juvenile records shall not be destroyed for a person: (1) whose records have been sealed; (2) who is 38 years old; and (3) who was alleged or adjudged to be a person described by section 602. However, defendant falls within the exception to subdivision (d), that is, he was found to have been a person described in section 602 because he committed an offense listed in section 707, subdivision (b) when he was over 14 years old.

We recognize that though appellant committed very serious offenses on one occasion when he was a juvenile, he has since demonstrated that he is a very valuable

9

member of society.  The sealing of his juvenile court records would acknowledge appellant's achievements.  However, courts have no authority to rewrite a statute.

### III.    Disposition

The order is affirmed.

_____
Mihara, J.

I CONCUR:




_____
Elia, Acting P. J.

11

BAMATTRE-MANOUKIAN, J., Concurring

Under the present law, I must concur in the judgment. As a juvenile, G.Y. was found to have committed an offense listed in Welfare and Institutions Code section 707, subdivision (b) and thus he is not eligible to have his juvenile records sealed pursuant to Welfare and Institutions Code section 781, subdivision (a), even though his original offense was subsequently reduced to a misdemeanor.

In 2000, the electorate enacted Proposition 21, which amended Welfare and Institutions Code section 781, subdivision (a) to prohibit the sealing of records for offenses listed in Welfare and Institutions Code section 707, subdivision (b). The goal was to " 'eliminat[e] confidentiality in some juvenile proceedings in order to hold juvenile offenders more accountable for their actions.' [Citations.]" (*In re Jeffrey T.* (2006) 140 Cal.App.4th 1015, 1021.)

In enacting the amendment to Welfare and Institutions Code section 781, subdivision (a) in 2000, the electorate clearly did not contemplate an individual such as G.Y., who has so greatly and unquestionably rehabilitated and distinguished himself. G.Y. has not merely refrained from any further criminal conduct but has served his country with distinction and honor, obtained a college degree (making the Dean's list and the Honors list), and had his offense reduced to a misdemeanor with the concurrence of the District Attorney's Office. While certainly G.Y.'s juvenile offenses were serious, the juvenile justice system is geared primarily toward rehabilitation. " '[T]he purpose of the juvenile justice system is "(1) to serve the 'best interests' of the delinquent ward by providing care, treatment, and guidance to rehabilitate the ward and 'enable him or her to be a law-abiding and productive member of his or her family and community,' and (2) to 'provide for the protection and safety of the public . . . .' [Citations.]" [Citation.]' " (*In re Greg F.* (2012) 55 Cal.4th 393, 417.)

The record indicates that G.Y. has rehabilitated himself to an extraordinary degree and that he no longer presents any risk to the public. In granting G.Y.'s request that his offense be reduced to a misdemeanor, the trial court noted that because of what he had "done for our community and our citizens[,] . . . anything that blocks you from serving in the capacity that you wish to with youth should be eradicated and all obstacles removed." In finding it had no authority to grant G.Y.'s sealing request, the trial court commended G.Y. for his efforts "and the better life that you have so ably demonstrated," and the court noted it hoped for a change in the law.

While I understand and appreciate the goal of the electorate in enacting the 2000 amendment to Welfare and Institutions Code section 781, subdivision (a), G.Y. clearly does not fall within the spirit of what the electorate intended. Providing an individual such as G.Y. with the opportunity to have his juvenile record sealed would not conflict with that spirit. However, under the present statutory scheme, G.Y. is precluded from obtaining that relief. I urge the Legislature to provide juvenile courts with the discretion to enable individuals like G.Y., who has so greatly and unquestionably rehabilitated and distinguished himself, to have their juvenile records sealed.[1]

---

[1] An uncodified section of Proposition 21 provides: "The provisions of this measure shall not be amended by the Legislature except by a statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership of each house concurring, or by a statute that becomes effective only when approved by the voters." (Prop. 21, Primary Elec. (Mar. 7, 2000), § 39.) Thus, the Legislature may amend Proposition 21's statutory provisions without voter approval, but only by a two-thirds vote of each house. (See Cal. Const., art. II, § 10, subd. (c).)

_____

BAMATTRE-MANOUKIAN, J.

Filed 3/3/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re G.Y., a Person Coming Under the Juvenile Court Law. | H040722 (Santa Clara County Super. Ct. No. JV18652) |
| THE PEOPLE, Plaintiff and Respondent, v. G.Y., Defendant and Appellant. | ORDER GRANTING REQUEST FOR PUBLICATION |

BY THE COURT:

Pursuant to California Rules of Court, rule 8.1105(b), the request for publication is hereby granted.  It is ordered that the opinion in this matter, filed on February 3, 2015, shall be certified for publication.

Date: _____
                                                                Mihara, J.


_____
Elia, Acting P. J.


_____
Bamattre-Manoukian, J.

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court |
| Trial Judge: | Honorable Jesus Valencia, Jr. |
| Attorney for Defendant and Appellant: | Nancy S. Brandt |
| Attorneys for Plaintiff and Respondent: | Kamala D. Harris<br>Attorney General of California |
| | Gerald A. Engler<br>Senior Assistant Attorney General |
| | Eric D. Share<br>Supervising Deputy Attorney General |
| | Christina vom Saal<br>Deputy Attorney General |
| | Julia Je<br>Deputy Attorney General |