Filed 12/16/15  In re Jose P. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re JOSE P., a Person Coming Under the Juvenile Court Law. | |
| _____ | G051904 |
| THE PEOPLE, | (Super. Ct. No. DL041220) |
| Plaintiff and Respondent, | O P I N I O N |
| v. | |
| JOSE P., | |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Fred C. Slaughter, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Minor Jose P. filed a notice of appeal after the juvenile court terminated his wardship, but declined to seal his juvenile court record. Jose's appointed counsel filed a brief summarizing the case, but advised this court he found no issues to support an appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Appellate counsel represents in a declaration attached to the opening brief he has thoroughly reviewed the record and he advised Jose he would be filing a brief complying with *Wende* procedures. He provided Jose with a copy of the brief, and informed Jose he could personally file a supplemental brief raising any issues he thought the court should consider. He also provided Jose with a copy of the appellate record to assist Jose should he wish to file a brief. Counsel does not request to be relieved as counsel, but he informed Jose he had the right to seek his removal and the appointment of new counsel, and counsel would move to withdraw should Jose request that he do so. We gave minor 30 days to file a supplemental written brief on his own behalf, but he has not responded. After conducting an independent review of the record under *Wende*, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2011, the Orange County District Attorney filed a juvenile court petition (Welf. & Inst. Code, § 602) alleging Jose (born April 1994) committed misdemeanor vandalism (Pen. Code, § 594, subds. (a), (b)(1); all further statutory references are to the Penal Code unless noted) and misdemeanor criminal threats (§ 422) on or about October 4, 2011. According to the detention report, Jose flew into a violent rage after learning another family would be moving into his family's home. He threw and broke objects and threatened his father with bodily injury.

About a week later Jose, represented by counsel, waived his rights and admitted the allegations of the petition. The court declared Jose to be a ward of the court, set the maximum term of confinement at one year and four months, and placed Jose on probation on various terms and conditions including attend anger management

2

counseling.  The court advised Jose he could withdraw his admissions in 18 months if he successfully completed probation.

In February 2012, the district attorney filed a second petition alleging Jose committed second degree vehicle burglary (§§ 459, 460, subd. (b)), receiving stolen property (§ 496, subd. (a)), two counts of petty theft (§§ 484, subd. (a), 488), and possession of marijuana (Health & Saf. Code, § 11357, subd. (b)) on or about February 9, 2012.  According to the detention report, Jose admitted stealing three bicycles with the assistance of a female juvenile accomplice, one from a locked truck, and listing them for sale on Craigslist.  Officers found 1.2 grams of marijuana in Jose's pocket.  The juvenile court released Jose to the custody of his father under the Home Supervision Program (HSP) pending trial.  Five days later, Jose cut off his Global Positioning System (GPS) device and absconded from probation supervision.  He turned himself in two days later and authorities placed him at Juvenile Hall.

About two weeks later Jose waived his rights and admitted committing second degree burglary and receiving stolen property.  The court dismissed the other allegations on the district attorney's motion.  The court set the maximum term of confinement at three years and eight months, continued the wardship, and committed Jose to local custody for a term of 30 days.  The court denied Jose's motion to withdraw his admissions to the allegations of the first petition.

In May 2012, the district attorney filed a third petition, alleging Jose committed misdemeanor battery on peace officer (§ 243, subd. (b)) and misdemeanor resisting arrest (§ 148, subd. (a)(1)) on or about February 18, 2012.  The probation officer reported Jose kicked the leg of a police officer who was attempting to detain Jose's runaway girlfriend.  The probation officer reported immigration authorities had detained Jose in Texas pending a removal determination.

In March 2013, Jose waived his rights and admitted committing the offenses. The court noted the maximum period of confinement was one year and four

3

months, continued the wardship and probation, and committed Jose to local custody for 24 days.

In April 2015, the probation officer reported Jose had been released to immigration authorities in March 2013 and it was unknown whether he was in compliance with the terms of his probation. Jose owed $200 in restitution fines and approximately $24 in fees. The probation officer recommended the wardship be terminated as unsuccessful.

At a wardship status review hearing on April 17, 2015, which Jose did not attend, the juvenile court terminated the wardship, vacated outstanding fines and fees, but declined to seal Jose's court records (Welf. & Inst. Code, § 781, § 786) stating Jose did not successfully complete probation.

Jose filed a notice of appeal, as amended, from the postdispositional "[o]rders terminating probation with unsatisfactory finding and denying petition to seal records."

DISCUSSION

Appellate counsel lists the following issue to aid our review of the record: Whether the juvenile court erred by denying Jose's motion to seal his records (Welf. & Inst. Code, § 781; *In re G.Y.* (2015) 234 Cal.App.4th 1196). We have conducted a review of the entire record under *Wende*, *supra,* 25 Cal.3d 440, including the issue listed by appellate counsel, and find no arguable issues on appeal. Minor has not filed a supplemental brief. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124 [appellate court must address issues raised personally by appellant in a *Wende* proceeding].)

4

DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.