Filed 6/20/16  In re Devon A. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re DEVON A., a Person Coming Under the Juvenile Court Law. | |
| | D068543 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J225688) |
| v. | |
| DEVON A., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Trentacosta, Judge.  Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

In 2010, the district attorney filed a petition against Devon A. (Minor), which was dismissed a year later after Minor completed an informal program of supervision. In 2014, the district attorney filed a new petition against Minor for an unrelated incident. The court declared him a ward under Welfare and Institutions Code section 602[1] and placed him on probation. In 2015, the court found that Minor satisfactorily completed the terms of probation for his latest offense and sealed the records relating to it. The court did not seal the records relating to his first, previously dismissed petition. Minor contends the court erred by not sealing the records pertaining to his prior dismissed petition under section 786.[2] We conclude the court did not err and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

1.      *Petition No. 1*: *F4525*

In 2010, the district attorney filed petition F4525 against then-12-year-old Minor, alleging he had a switchblade on school grounds in violation of Penal Code section 626.10, subdivision (a). The juvenile court ordered Minor to participate in an informal program of supervision under section 654.2. In 2011, the court found that Minor had complied with the terms of his informal program and dismissed the petition under section 782.

---

[1]     Subsequent unspecified statutory references are to the Welfare and Institutions Code.

[2]     Subsequent unspecified references to section 786 are to the version effective January 1, 2015, to December 31, 2015. (Stats. 2014, ch. 249, § 2, p. 2506.)

2

2.      *Petition No. 2*:  *G6574*

In May 2014, the district attorney filed a new petition, G6574, against Minor, alleging the offense of petty theft (Pen. Code, § 484).  Minor admitted the offense, and the court declared him a ward and placed him on probation.  Minor subsequently tested positive for marijuana use, and in October, was ordered to participate in drug court.  On June 1, 2015, the court commended Minor on graduating from drug court, found that he had successfully complied with his conditions of probation, dismissed petition G6574, and requested that Minor's probation officer submit a recommendation regarding the sealing of records.  On June 9, the court followed the probation officer's unopposed recommendation and sealed Minor's records relating to his current petition, G6574.  The probation officer did not recommend, and Minor did not request, sealing the records relating to Minor's first, previously dismissed petition.

Minor timely appealed the court's June 9, 2015 order on the ground that records pertaining to his prior petition, F4525, were not sealed.

## DISCUSSION

Minor contends the juvenile court erred by not sealing the records relating to his first dismissed petition for which he completed an informal program of supervision.  According to Minor, the version of section 786 that became effective on January 1, 2015, required the court to seal his prior petition.  The People respond that the court had no

3

power to apply section 786 retroactively to seal a petition that was dismissed in 2011, prior to the statute's effective date.[3]  We agree with the People.

We are guided by the well-established rule that a "new or amended statute applies prospectively only, unless the Legislature clearly expresses an intent that it operate retroactively."  (*People v. Ledesma* (2006) 39 Cal.4th 641, 664; see *Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1207 [" '[it] is an established canon of interpretation that statutes are not to be given a retrospective operation unless it is clearly made to appear that such was the legislative intent' "].)

Furthermore, to ascertain the Legislature's intent, "we must look to the statute's words and give them their usual and ordinary meaning.  [Citation.]  The statute's plain meaning controls the court's interpretation unless its words are ambiguous.  If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent."  (*Green v. State of California* (2007) 42 Cal.4th 254, 260.)

Applying the above principles, we conclude the juvenile court did not err because section 786 does not operate retroactively.  Section 786 became effective on January 1, 2015, and provides in pertinent part:

> "If the minor satisfactorily completes (a) an informal program of
> supervision pursuant to Section 654.2, . . . or (c) a term of probation
> for any offense not listed in subdivision (b) of Section 707, the court

---

3    The People preliminarily argue that Minor forfeited his claim since he never requested the juvenile court to seal his prior petition.  The People's argument regarding forfeiture is well taken, however, we will exercise our discretion to consider the legal question presented.  (See *In re Sheena K.* (2007) 40 Cal.4th 875, 887.)

*shall order the petition dismissed*, and the arrest upon which the judgment was deferred shall be deemed not to have occurred. The court *shall order sealed all records pertaining to that dismissed petition* in the custody of the juvenile court . . . ." (Italics added.)

Section 786 does not contain any language permitting a court to seal records pertaining to a petition that was dismissed prior to the statute's enactment, and instead, the plain and unambiguous language describes dismissal and sealing together, prospectively. Minor fails to identify any ambiguous or uncertain statutory language.

Contrary to Minor's position, the Legislature has not expressed an intent for the automatic sealing provisions of section 786 to operate retroactively. (See *In re Y.A.* (2016) 246 Cal.App.4th 523, 527 ["[T]he plain language of section 786 does not support the proposition that it was intended to be a panacea for all sealing issues."].) Courts may not interpret a statute in a way that effectively adds provisions or rewrites it to conform to an assumed intent that does not appear from its plain language. (*People v. Connor* (2004) 115 Cal.App.4th 669, 692.) Before and after the enactment of section 786, section 781 has provided a method for individuals to petition the court to seal their juvenile records.[4] (§ 781; *In re G.Y.* (2015) 234 Cal.App.4th 1196, 1200 ["The right to have juvenile records sealed is governed by section 781."].) The juvenile court did not misconstrue the scope of section 786 and properly limited its sealing order to Minor's most recent petition, G6574.

---

4    As the People state, the remedy found in section 781 and California Rules of Court, rule 5.830 is currently available to Minor, who has reached the age of 18.

5

DISPOSITION

The judgment is affirmed.


                                                    HALLER, Acting P. J.

WE CONCUR:


McDONALD, J.


IRION, J.

6