Filed 7/20/16  In re Mario L. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re MARIO L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D068527 |
| Plaintiff and Respondent, | (Super. Ct. No. JCM221744) |
| v. | |
| MARIO L., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Robert J. Trentacosta, Judge.  Affirmed.

John E. Edwards, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, Sharon Rhodes, and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

In 2009, the district attorney filed a Welfare and Institutions Code section 602[1] petition against Mario L. (Minor), which was dismissed in 2011 after he successfully complied with his terms of probation. In 2013, the district attorney filed a new section 602 petition against Minor for an unrelated incident. The court declared him a ward and placed him on probation. In 2015, the court found that Minor satisfactorily completed the terms of probation for his latest offense and sealed the records relating to it, but denied his request to seal the records relating to his first, previously dismissed petition. Minor contends the court erred by not sealing the records pertaining to his prior dismissed petition under former section 786, or alternatively, the current version of section 786 should be retroactively applied.[2] We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

*Petition No. 1*: *F0040*

In 2009, the district attorney filed petition F0040 against Minor, relating to two instances of him possessing a paint gun, and then a knife, on school grounds (Pen. Code, § 626.10, subd. (a)). He admitted the offenses, the juvenile court declared him a ward, and placed him on probation. In 2011, the court found that Minor had successfully

---

[1] Subsequent unspecified statutory references are to the Welfare and Institutions Code.

[2] Subsequent unspecified references to "former section 786" are to the version effective January 1, 2015, to December 31, 2015. (Stats. 2014, ch. 249, § 2.) Amendments to the statute became effective on January 1, 2016. (Stats. 2015, ch. 368, § 1.)

complied with his terms of probation, dismissed the petition under section 782, and terminated jurisdiction.

*Petition No. 2*: *G5235*

In October 2013, the district attorney filed a new petition, G5235, against Minor, alleging he violated Penal Code section 422 by threatening to kill his neighbor. Minor admitted the offense, the court declared him a ward, and placed him on probation.

In January 2015, the court found that he had satisfactorily completed probation, dismissed petition G5235, sealed Minor's records relating to his current petition, and terminated jurisdiction. The court denied Minor's request to seal his first petition dismissed in 2011, advising Minor he would need to take additional steps to seal those records under a different statute.

At an April 2015 special hearing, the court confirmed it was denying Minor's request to seal his first petition (F0040) based on the language of former section 786. Minor appeals the court's order denying his request.

DISCUSSION

I.    *Former Section 786*

Minor contends the juvenile court erred by not sealing the records relating to his first dismissed petition for which he completed probation. According to Minor, former section 786, which became effective on January 1, 2015, required the court to seal his previously dismissed petition. The People respond that the court had no power to apply former section 786 to seal a petition that was dismissed in 2011, prior to the statute's effective date. We agree with the People.

We are guided by the well-established rule that a "new or amended statute applies prospectively only, unless the Legislature clearly expresses an intent that it operate retroactively." (*People v. Ledesma* (2006) 39 Cal.4th 641, 664; see *Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1207 [" '[it] is an established canon of interpretation that statutes are not to be given a retrospective operation unless it is clearly made to appear that such was the legislative intent' "].)

Furthermore, to ascertain the Legislature's intent, we "must look to the statute's words and give them their usual and ordinary meaning. [Citation.] The statute's plain meaning controls the court's interpretation unless its words are ambiguous. If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent." (*Green v. State of California* (2007) 42 Cal.4th 254, 260.)

Applying the above principles, we conclude the juvenile court did not err because former section 786 does not operate retroactively. Former section 786 provides in

4

pertinent part:

> "If the minor satisfactorily completes (a) an informal program of supervision pursuant to Section 654.2, . . . or (c) a term of probation for any offense not listed in subdivision (b) of Section 707, the court *shall order the petition dismissed*, and the arrest upon which the judgment was deferred shall be deemed not to have occurred. The court *shall order sealed all records pertaining to that dismissed petition* in the custody of the juvenile court . . . ."  (Italics added.)

Former section 786 does not contain any language permitting a court to seal records pertaining to a petition that was dismissed prior to the statute's enactment, and instead, the plain and unambiguous language describes dismissal and sealing together, prospectively.  Minor fails to identify any ambiguous or uncertain statutory language.

Contrary to Minor's position, the Legislature has not expressed an intent for the automatic sealing provisions of former section 786 to operate retroactively. (See *In re Y.A.* (2016) 246 Cal.App.4th 523, 527 ["[T]he plain language of former section 786 did not support the proposition that it was intended to be a panacea for all sealing issues."].) Courts may not interpret a statute in a way that effectively adds provisions or rewrites it to conform to an assumed intent that does not appear from its plain language. (*People v. Connor* (2004) 115 Cal.App.4th 669, 692.) Before and after the enactment of former section 786, section 781 has provided a method for individuals to petition the court to seal their juvenile records. (See *In re G.Y.* (2015) 234 Cal.App.4th 1196, 1200 ["The right to have juvenile records sealed is governed by section 781."]; Cal. Rules of Court, rule 5.830.) The juvenile court did not misconstrue the scope of former section 786.

## II.  *Amended Section 786*

Minor also argues the records relating to his first, previously dismissed petition should be sealed under the current, amended version of section 786, which became effective on January 1, 2016, after the court terminated jurisdiction over him.[3]  He cites *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), to support the argument that amended section 786 may be retroactively applied to his case. We disagree.

Based on its plain language, amended section 786 does not operate retroactively. The amended statute contains a similar requirement as its former version for sealing

---

[3]    Although Minor did not directly raise this argument until his reply brief and thus arguably forfeited it (*People v. Tully* (2012) 54 Cal.4th 952, 1075), we will exercise our discretion to consider it.

6

records pertaining to a pending petition if the minor satisfactorily completes probation.[4] However, the Legislature added a number of new subdivisions, including subdivision (e)(1), which states in part, "[t]he court may, in making its order to seal the record and dismiss the instant petition pursuant to this section, include an order to seal a record relating to, or to dismiss, any prior petition or petitions that have been filed or . . . ." (§ 786, subd. (e)(1).) There is no legislative indication in the language of amended section 786 that it should be applied in lieu of the relevant law in effect at the time of the court's sealing order, former section 786.

*Estrada* does not support Minor's position. *Estrada* teaches that "[w]hen the Legislature amends a statute so as to *lessen the punishment* it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. . . . This intent seems obvious, because to hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted in view of modern theories of penology." (*Estrada, supra*, 63 Cal.2d at p. 745, italics added; see also *People v. Brown* (2012) 54 Cal.4th 314, 324-325 [affirming the *Estrada* rule applies only when a legislative act "mitigate[s] the punishment for a particular criminal offense" based on the inferred legislative intent to impose a lighter penalty].)

Amended section 786 does not impose a punishment or penalty for any offense; it

---

[4] Amended section 786 provides in pertinent part: "If the minor satisfactorily completes . . . a term of probation for any offense, the court shall order the petition dismissed. The court shall order sealed all records pertaining to that dismissed petition in the custody of the juvenile court . . . ." (§ 786, subd. (a).)

addresses circumstances requiring and permitting a court to seal juvenile records. The statute is not punitive in nature, and accordingly, does not lend itself to the inference discussed in *Estrada* of legislative intent to impose a new, reduced penalty to nonfinal cases. (See § 202, subd. (e) [listing punishments for delinquent minors].) Amended section 786 operates prospectively, providing an incentive for minors to satisfactorily complete probation for offenses alleged in pending (i.e., "instant") petitions. (§ 786, subd. (e)(1).)

In summary, the court properly limited its sealing order to the records of Minor's last petition under former section 786, and amended section 786 does not operate retroactively. As the juvenile court indicated, Minor may petition the court to seal his juvenile records under section 781. (§ 781; Cal. Rules of Court, rule 5.830.)

DISPOSITION

The order denying Minor's request to seal F0040 is affirmed.

HALLER, Acting P. J.

WE CONCUR:

McDONALD, J.

IRION, J.

8