[No. S114285. June 3, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID JAMES CASPER, Defendant and Appellant.

## COUNSEL

Michael B. McPartland, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Pamela A. Ratner Sobeck, Steven T. Oetting, Anthony Da Silva, Arlene Aquintey Sevidal and Kevin R. Vienna, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN, J.**—In this case involving the three strikes law, the trial court dismissed the strike allegation as to 34 of 35 counts. (Pen. Code,[1] §§ 667, subds. (b)–(i), 1170.12; *People v. Garcia* (1999) 20 Cal.4th 490, 499, 503–504 [85 Cal.Rptr.2d 280, 976 P.2d 831] (*Garcia*).) The issue here is whether the trial court had discretion to sentence defendant concurrently on those counts for which the strike allegation had been dismissed, and which did not arise on the same occasion or under the same set of operative facts, or whether it was required to sentence all such counts consecutively under section 667, subdivision (c).[2] We conclude the trial court must impose consecutive sentences under these circumstances pursuant to the clear language of the three strikes law. We therefore reverse the judgment of the Court of Appeal.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts are not important to the issue in this case. Suffice it to say that beginning in October 1999 with the burglary of his parents' home,

---

[1] All further statutory references are to this code unless otherwise indicated.

[2] The relevant portions of the initiative version of the three strikes law adopted by the voters in November 1994 (§ 1170.12) and the March 1994 legislative version (§ 667, subds. (b)–(i)) are virtually identical. For convenience, we refer to section 667, subdivisions (b)–(i).

defendant David James Casper embarked on a month-long crime spree. He was ultimately apprehended and charged with 35 felony counts, including carjacking, residential burglary, 25 robbery counts, four attempted robbery counts, numerous personal-use-of-a-firearm enhancements, two prior prison term allegations, and one prior serious or violent felony strike allegation.

Defendant pled guilty and admitted all allegations. The trial court dismissed the strike allegation as to all counts except the carjacking count. (§ 1385.) It sentenced defendant to 104 years eight months in state prison. In particular, the trial court selected the carjacking as the principal term, imposing the low term of three years to be doubled (§ 667, subd. (e)(1)), consecutive to a 10-year term for use of a firearm and a five-year term for the prior serious felony conviction (§ 667, subd. (a)), for a total of 21 years. For the remaining 34 counts, the trial court grouped the counts essentially by the separately occurring crimes and sentenced without reference to section 667, subdivision (e).

As for those crimes arising on different occasions, the trial court stated that a "consecutive sentence is required . . . . I am not able to allow concurrent sentences. I do want the record to reflect that if I had the ability to exercise my discretion it would be my attempt to fashion a sentence that would give Mr. Casper the chance of maybe some day getting out of prison, not to say he definitely would but would give him the chance and that would be talking about an age . . . somewhere between the age of 68 or 70, now being 29. . . . However, I cannot give him that opportunity under the law because *Garcia* says I cannot."[3]

The Court of Appeal reversed and remanded for resentencing. Relying on our opinion in *Garcia, supra*, 20 Cal.4th 490, it held the consecutive sentencing requirements of the three strikes law did not apply to those counts on which the strike allegation had been dismissed, and hence consecutive sentencing was not required under that law even if the counts were not committed on the same occasion and did not arise under the same set of operative facts.

We granted the Attorney General's petition for review.

## II.  DISCUSSION

The three strikes law is a comprehensive, integrated sentencing scheme that applies to all cases coming within its terms. (See § 667,

---

[3] Defendant's sentence was later recalled. After further briefing and argument regarding the issue of consecutive sentencing, the trial court declined to alter the earlier imposed sentence.

subd. (f)(1) ["Notwithstanding any other law, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has a prior felony conviction as defined in subdivision (d)"]; *People v. Williams* (1998) 17 Cal.4th 148, 161 [69 Cal.Rptr.2d 917, 948 P.2d 429] [in determining whether to strike a prior serious or violent felony conviction pursuant to section 1385, courts "must consider whether, in light of the nature and circumstances of his present felonies and prior [strike] convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [three strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted"; "bare antipathy to the consequences for any given defendant" should play no part in the determination]; see also *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 980 [60 Cal.Rptr.2d 93, 928 P.2d 1171].)

■ As we delineated at length in *People v. Hendrix* (1997) 16 Cal.4th 508 [66 Cal.Rptr.2d 431, 941 P.2d 64] (*Hendrix*), by its terms, section 667, subdivision (c)(6) and (7) requires consecutive sentences whenever a defendant with one or more qualifying prior convictions is convicted, as here, of multiple serious or violent felonies "not committed on the same occasion, and not arising from the same set of operative facts."[4] (§ 667, subd. (c)(6); *Hendrix*, at pp. 512–513; *People v. Deloza* (1998) 18 Cal.4th 585, 594 [76 Cal.Rptr.2d 255, 957 P.2d 945] ["Making mandatory consecutive sentences for those current crimes committed on *different* occasions is consistent with the focus of the three strikes law, which is recidivism"].) Consecutive sentencing is discretionary under section 667, subdivision (c) *only* if the current felony convictions are "committed on the same occasion" or "aris[e] from the same set of operative facts." (§ 667, subd. (c)(6) & (7); *Hendrix*, at pp. 512–513; see *People v. Woodhead* (1987) 43 Cal.3d 1002, 1007–1008 [239 Cal.Rptr. 656, 741 P.2d 154] [when the statutory "language is clear and unambiguous, there is no need for construction"].)

■ In addition, section 667, subdivision (c)(6) and (7) applies to "a current conviction" for more than one "felony." As the Attorney General notes, the "term 'felony' is not modified, explicitly or implicitly, by any requirement that these multiple felonies be ones to which strike allegations

---

[4] Section 667, subdivision (c) provides in relevant part:

"(c) Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following: [¶] . . . [¶]

"(6) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e).

"(7) If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law."

attach." Here, while the strike allegation was dismissed as to 34 of the 35 counts, defendant nevertheless remained subject to the consecutive sentencing requirements of section 667, subdivision (c) by virtue of the one count that retained the strike allegation.

Defendant asserts that a contrary conclusion is compelled by our decision in *Garcia, supra,* 20 Cal.4th 490. In *Garcia,* this court held that the trial court was not bound by the length of sentence provisions of section 667, subdivision (e) for those current convictions as to which the strike allegations had been dismissed. (*Garcia,* at pp. 495, 499–500.) In that case the trial court had imposed consecutive sentences for the two burglary counts that arose on different occasions, and thus we did not directly address whether such consecutive sentencing was required under the three strikes law. (*Id.* at pp. 495, 500.) It is axiomatic that cases are not authority for propositions not considered. (*People v. Barragan* (2004) 32 Cal.4th 236, 243 [9 Cal.Rptr.3d 76, 83 P.3d 480].)

Moreover, in *Garcia,* in response to an argument by the Attorney General, we stated, "The Attorney General . . . points to the requirement in the Three Strikes law that sentencing on distinct current offenses be consecutive (§§ 667, subd. (c)(6)–(8), 1170.12, subd. (a)(6)–(8)) and without any aggregate term limitation (§§ 667, subd. (c)(1), 1170.12, subd. (a)(1)). The Attorney General argues that striking prior conviction allegations with respect to one count, but not with respect to another, undermines this principle of consecutive Three Strikes sentences. Again, we disagree. A requirement that a defendant serve the individual sentences for different current felonies consecutively does not indicate how the trial court should determine the lengths of those individual sentences. Here, for example, the trial court conformed to the consecutive sentencing requirement by ordering that the 16-month sentence for the Gantt burglary be served consecutively to the 30-year-to-life sentence for the Kobel burglary. Therefore, we see nothing in the trial court's action that is inconsistent with the consecutive sentencing requirement in the Three Strikes law. Rather, the court expressly applied that requirement." (*Garcia, supra,* 20 Cal.4th at p. 500.) Thus, *Garcia* did not anticipate that its holding regarding section 667, subdivision (e) would have any effect on the consecutive sentencing requirements of section 667, subdivision (c).

In sum, there can be no doubt after examining the language of section 667, subdivision (c) but that consecutive sentences are required for all current felony convictions, regardless of whether a strike allegation attaches to them, if the crimes did not arise on the same occasion or under the same set of operative facts. Reaching a different conclusion here as to this requirement

would distort the statutory language, eviscerate the three strikes law, and return to trial judges a discretion in sentencing that both the Legislature and the electorate sought to severely curtail.[5]

DISPOSITION

The judgment of the Court of Appeal is reversed, and the case remanded to that court for further proceedings consistent with this opinion.

George, C. J., Baxter, J., Chin, J., and Moreno, J., concurred.

**KENNARD, J.,** Dissenting.—This case presents a sentencing issue under the highly complex "Three Strikes and You're Out Law" (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, hereafter the Three Strikes law).[1] The issue is this: When a court at sentencing exercises its discretion under section 1385 to dismiss a prior felony conviction alleged as a strike, and it dismisses that conviction as to some but not all counts of which the defendant was convicted, does the Three Strikes law nonetheless require the court to impose consecutive sentences on all counts? Otherwise stated, does the dismissal of the prior conviction as to a particular count free that count from all or only some of the restrictions that the Three Strikes law imposes?

The majority holds that the Three Strikes law requires consecutive sentences on *all* counts, even those as to which the only qualifying prior conviction has been dismissed under section 1385. I disagree. When a prior conviction alleged as a strike has been dismissed as to a particular count, the effect of the dismissal is to release that count entirely from the restrictions imposed by the Three Strikes law, including the consecutive sentencing requirement.

# I

During a one-month period in late 1999, defendant David James Casper committed 19 separate robberies and one residential burglary. For these crimes, he pled guilty to 35 felony counts and admitted, among other things, one prior felony conviction alleged under the Three Strikes law. At sentencing, the court exercised its authority under section 1385 to dismiss the prior conviction as to all but one of the counts. Believing it was nonetheless required by the Three Strikes law to impose consecutive sentences on all

---

[5] Given our resolution of this issue, we need not address the Attorney General's further argument that it would be an abuse of discretion to impose concurrent sentences in this case for those crimes that were not committed on the same occasion and did not arise from the same set of operative facts.

[1] All further statutory references are to the Penal Code.

offenses committed during separate incidents, the court sentenced defendant to an aggregate term of 104 years eight months in state prison—effectively imprisonment for life without possibility of parole. The court noted for the record that it would have sentenced more of the terms concurrently had it possessed the discretion to do so.

The Court of Appeal vacated the sentence and remanded for resentencing. It concluded that the Three Strikes law does not require consecutive sentencing of counts as to which the only qualifying prior conviction has been dismissed under section 1385.

## II

Section 1385, enacted in 1872, authorizes a judge "in furtherance of justice" to "order an action to be dismissed." Because "[t]he authority to dismiss the whole includes, of course, the power to dismiss or 'strike out' a part" (*People v. Burke* (1956) 47 Cal.2d 45, 51 [301 P.2d 241]), the trial court's power under section 1385 to dismiss the entire action necessarily includes the power to dismiss a part of the action, including a prior conviction alleged for purposes of increasing the sentence. Accordingly, this court has held that section 1385's dismissal power extends to a prior conviction alleged for purposes of sentencing, and that the trial court may exercise this power either before or after the prior conviction has been admitted or established by the evidence. (*People v. Burke, supra* , at p. 51; accord, *People v. Thomas* (1992) 4 Cal.4th 206, 209 [14 Cal.Rptr.2d 174, 841 P.2d 159].)

The Three Strikes law requires the prosecution to allege certain prior convictions for sentencing purposes. (§§ 667, subd. (f)(1) ["[t]he prosecuting attorney shall plead and prove each prior felony conviction . . . ."], 1170.12, subd. (d)(1) [same].) A defendant with one qualifying prior conviction (see §§ 667, subd. (d) [specifying which prior felony convictions qualify], 1170.12, subd. (b) [same]), commonly known as a second strike defendant, is subject to various sentencing consequences, two of which are relevant here. First, the punishment for a new offense is doubled. (§§ 667, subd. (e)(1) ["the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction"], 1170.12, subd. (c)(1) [same].) Second, consecutive sentences are mandatory if there is more than one new offense, unless the offenses are interrelated. (§§ 667, subd. (c)(6) ["If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count . . . ."], 1170.12, subd. (a)(6) [same].)

Prior convictions alleged under the Three Strikes law are subject to the trial court's dismissal power under section 1385. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529–530 [53 Cal.Rptr.2d 789, 917 P.2d 628].) Noting that "the statutory power to dismiss in furtherance of justice has always coexisted with statutes defining punishment," this court explained in *Romero* that a statute defining punishment will not be construed as eliminating a court's dismissal power " 'absent a clear legislative direction to the contrary.' " (*Id.* at p. 518.) This court found no such direction in the Three Strikes law. (*Id.* at pp. 519–529.) Indeed, the wording of subdivision (f)(2) of section 667, which expressly recognizes the court's dismissal power under section 1385, and the legislative history of the Three Strikes law, which included the rejection of an amendment that would have permitted the court to exercise the power only on the prosecutor's motion, persuaded this court that the Legislature deliberately chose *not* to eliminate or restrict the trial court's power to dismiss prior felony convictions. (*People v. Superior Court (Romero), supra,* at p. 520.)

Under the Three Strikes law, a qualifying prior conviction need not be alleged separately as to each count, but may be alleged once as to all counts. (*People v. Garcia* (1999) 20 Cal.4th 490, 502 [85 Cal.Rptr.2d 280, 976 P.2d 831].) Nevertheless, a qualifying prior conviction alleged once as to all counts may be stricken selectively as to individual counts. (*Ibid.*) In reaching this conclusion in *Garcia*, this court again relied on the principle that the power to dismiss the whole includes the power to dismiss a part. "[T]hough a defendant's prior conviction status does not change from one count to another, and though it is appropriate to allege that status only once as to all current counts, *the effect under the Three Strikes law* of a defendant's prior conviction status *may* change from one count to another." (*Ibid.*)

What is the purpose of the trial court's dismissal power under section 1385 as applied to prior conviction allegations? This court has explained that the "purpose of striking a sentencing allegation under section 1385 is to effectuate the decision that ' "in the interest of justice" defendant should not be required to undergo a statutorily increased penalty which would follow from judicial determination of that fact.' " (*People v. Superior Court (Romero), supra,* 13 Cal.4th at p. 524, fn. 11, quoting *People v. Burke, supra,* 47 Cal.2d at p. 50.) Thus, the purpose of the power is to allow the sentencing court some discretion to reduce the sentence that would otherwise be imposed to a level that is consistent with defendant's individual culpability and society's interests in punishing and deterring criminal behavior. (See *People v. Williams* (1998) 17 Cal.4th 148, 160–161 [69 Cal.Rptr.2d 917, 948 P.2d 429] [discussing factors a trial court may consider when exercising its section 1385 discretion in a Three Strikes case].) In short, "the underlying purpose of striking prior conviction allegations is the avoidance of unjust sentences." (*People v. Garcia, supra,* 20 Cal.4th at p. 500.)

The majority concludes that when a trial court exercises its section 1385 power to dismiss a prior conviction alleged under the Three Strikes law, and it dismisses the prior conviction as to some but not all of the new offenses, the effect of the dismissal is to free the affected counts from the term-doubling requirement but not from the consecutive-sentencing requirement. Yet nothing in the language of the Three Strikes law or section 1385 requires or justifies this conclusion. On the contrary, the effect of dismissing the prior conviction as to a particular count is to place that count beyond the reach of the Three Strikes law, and to permit the trial court to impose sentence on that count as if defendant had no prior conviction.

The majority notes that consecutive sentences are mandatory under the Three Strikes law unless the current convictions are " 'committed on the same occasion' " or " 'arise[e] from the same set of operative facts' " and that this provision requiring consecutive sentences is not qualified by any requirement that prior conviction allegations attach to the particular counts. (Maj. opn., *ante*, at p. 42.) But these observations are beside the point. The Three Strikes law *nowhere* refers to prior conviction allegations attaching to particular counts because, as this court has explained, the Three Strikes law permits the prior conviction to be alleged "once as to all counts" (*People v. Garcia, supra,* 20 Cal.4th at p. 502) and does not *expressly* provide for the selective application of the Three Strikes sentencing scheme to some counts but not others. The lack of such an *express* provision, however, did not prevent this court from *rejecting* the argument that "prior conviction allegations describe a status that a defendant either does or does not have, but cannot have with respect to one count and not another." (*Ibid.*) This court concluded, to the contrary, that a prior conviction allegation may be dismissed selectively, on a count-by-count basis. (*Ibid.*)

The majority does not deny that a trial court may dismiss a prior conviction selectively, on a count-by-count basis, but it imposes an additional and irrational form of selectivity, over which the trial court has no control. According to the majority, the dismissal of a prior conviction on a count-by-count basis operates selectively in the sense that, as to the affected counts, the prior conviction allegation ceases to exist for one purpose (term doubling) but not for another purpose (consecutive sentencing). This interpretation is not only confusing and conceptually awkward, it is also inconsistent with the underlying purpose of the section 1385 dismissal power in the Three Strikes context, which is to avoid unjust sentences by allowing some or all of the current offenses to be punished outside the Three Strikes sentencing scheme. Under the majority's holding, the trial court must dismiss the prior conviction as to *all* counts to avoid mandatory consecutive sentencing on any of the counts.

The majority's holding substantially and unnecessarily impairs trial court discretion to impose just punishment under the Three Strikes law by dismissing prior conviction allegations or findings selectively, on a count-by-count basis. Under the majority's holding, the affected counts are at once inside and outside the purview of the Three Strikes law. Agreeing with the Court of Appeal here, I would hold that the affected counts are not subject to either the term-doubling or the mandatory-consecutive-sentencing requirements of the Three Strikes law.

Werdegar, J., concurred.

Appellant's petition for a rehearing was denied July 14, 2004. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.