Filed 5/24/16  P. v. Thomas CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B259783 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA103170) |
| v. | |
| DIANJEI QUISHUN THOMAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  George Genesta, Judge.  Reversed with instructions.

———

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews, and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

———

Appellant Dianjei Quishun Thomas appeals from the judgment of conviction, challenging the court's imposition of consecutive sentences for robbery and attempted robbery. Appellant contends, the Attorney General concedes, and we agree that the trial court erroneously believed it lacked the discretion to impose concurrent rather than consecutive sentences, and that the court's failure to exercise sentencing discretion requires remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

Police arrested appellant after he committed several separate robberies. An information charged appellant with robbery in counts 1 and 2 (Pen. Code,[1] § 211), attempted robbery in count 3, (§§ 664 and 211), carrying an unregistered loaded firearm in count 4 (§ 25850, subd. (a)), and further alleged that appellant personally used a firearm within the meaning of section 12022.53, subdivision (b) in counts 1 and 2. The information did not allege that appellant had suffered prior serious or violent felony convictions or had served prior prison terms. Appellant pleaded no contest and admitted the special allegations.

The trial court sentenced appellant to state prison for a total of 17 years and 10 months calculated as follows: on count 1, three years, plus 10 years for the firearm enhancement; on count 2, eight months, plus three years and four months for the firearm enhancement; on count 3, six months; and on count 4, two years.[2] The court ordered that the sentence on counts 2 and 3 run consecutively to the sentence on count 1 because the court believed it lacked discretion to impose concurrent sentences.

Appellant timely appealed, challenging his sentences.[3]

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] The court ordered the sentence on count 4 to run concurrent to all other sentences.

[3] Appellant does not challenge the propriety of the underlying judgment.

# DISCUSSION

A trial court has the discretion to impose either concurrent or consecutive sentences for multiple felony convictions unless a statutory provision mandates consecutive sentences.  (See *People v. Hendrix* (1997) 16 Cal.4th 508, 514; *People v. Casper* (2004) 33 Cal.4th 38, 42; *People v. Byrd* (2011) 194 Cal.App.4th 88, 104.)  A court must state on the record its reasons for imposing either concurrent or consecutive sentences.  (§ 1170.17, subd. (c); Cal. Rules of Court, rule 4.406(b)(5); *People v. Powell* (2011) 194 Cal.App.4th 1268, 1297.)

Here, at the sentencing hearing, the trial court stated that section 1170.12, subdivision (a)(7) compelled it to impose consecutive sentences on counts 2 and 3.  That section mandates consecutive sentences only when a defendant is found to have suffered one or more prior serious or violent felony convictions.  (See § 1170.12, subd. (a)(7).)  The information, however, did not charge appellant with any prior serious or violent felony convictions and, of course, the court did not find him to have been convicted of such felonies.  Further, no other statute mandates consecutive sentences under the facts of this case.  Accordingly, the parties properly agree that the trial court erred in concluding that it lacked sentencing discretion and that the law required the terms for counts 2 and 3 to run consecutively to count 1.  Remand is, therefore, necessary so the court may "impose sentence with full awareness of its discretion."  (*People v. Fuhrman* (1997) 16 Cal.4th 930, 944; see *People v. Deloza* (1998) 18 Cal.4th 585, 599-600 [remand warranted where trial court erroneously believed the law required consecutive sentences].)

## DISPOSITION

The judgment is reversed, and the matter is remanded for resentencing in accord with the views expressed in this opinion.

NOT TO BE PUBLISHED

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

LUI, J.

4