Filed 3/11/24  P. v. Widener CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>AMANDA MAE WIDENER,<br><br>  Defendant and Appellant. | C098039<br><br>(Super. Ct. Nos. CRF210831,<br>  CRF2100898) |

Defendant Amanda Mae Widener pleaded guilty to multiple offenses in two separate cases after having previously been convicted of two prior felonies, which made her presumptively ineligible for probation absent an unusual case finding.  The trial court initially found the case to be unusual, suspended imposition of sentence, and placed defendant on probation, which she twice violated.  After admitting the first probation violation, a second judge reinstated her on probation.  After admitting the second probation violation, the same second judge declined to make an unusual case finding or reinstate her on probation.  The court sentenced defendant to an aggregate term of three years eight months in state prison.

1

Defendant appeals, arguing the second judge abused her discretion in refusing to reinstate probation again because the judge failed to consider the basis for the original sentencing judge's unusual case finding, and whether the same factors that supported the original finding still applied, namely, that defendant had mental health issues and was a victim and perpetrator of domestic violence.

Finding the issue to be forfeited, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2021, defendant and her boyfriend got into an argument, and she hit him in the face, causing an abrasion on his nose.[1]  Defendant claimed her boyfriend had yelled at her and got in her face; she also said he had kicked her, but she could not specify where. A records check revealed that defendant had an active arrest warrant and nine prior domestic violence related contacts between defendant and her boyfriend.

Defendant was charged in Yuba County case No. CRF2100831 (case 831) with corporal injury of a spouse or cohabitant, A. Doe, with whom she was in a dating relationship.  (Pen. Code,[2] § 273.5, subd. (a); count I.)  She was released on her own recognizance.

Approximately a week later, defendant vandalized a hotel room, causing over $1,000 in damages and several injuries to herself.  While awaiting treatment at the hospital, defendant caused a disturbance and security escorted her out of the building. Defendant struck, kicked, and spit on the two security guards who tried to remove her, and when a deputy sheriff who observed the struggle attempted to intervene, defendant repeatedly kicked the deputy.  The deputy eventually tased defendant to subdue and restrain her.  A Breathalyzer test showed defendant had a blood-alcohol level of 0.19.

---

[1]  The brief factual summaries are based on the prerelease reports, which the parties stipulated to as the factual basis for defendant's pleas.

[2]  Further undesignated statutory references are to the Penal Code.

Defendant was charged in Yuba County case No. CRF2100898 (case 898) with obstructing or resisting an executive officer in the performance of his duties (§ 69; count I), battery (§ 242; count II), assault (§ 240; count III), and disorderly conduct while intoxicated in a public place (§ 647, subd. (f); count IV). For count I, it was alleged that at the time of the offense, defendant was released from custody on bail or on her own recognizance in case 831 (§ 12022.1).

In September 2021, defendant resolved both cases by plea. Under the terms of the conditional agreement, she pleaded no contest to the corporal injury offense (count I) in case 831 and the resisting an executive officer offense (count I) in case 898 in exchange for dismissal of the remaining counts and allegations and no immediate prison commitment. Defendant further agreed that count IV in case 898 (disorderly conduct while intoxicated in a public place) would be dismissed with a *Harvey*[3] waiver as would a pending vandalism matter (case No. CFR2100899). She also admitted a violation of probation in case No. CRF2000967 and probation was terminated as unsuccessful. The parties stipulated to a factual basis for the pleas based on the pretrial release and police reports in each case.

Judge Wirtschafter, who took defendant's conditional plea, cautioned defendant that given her two prior felony convictions, an unusual case finding was required to grant probation. Counsel requested that the court make the finding, and the court indicated it would be amenable to granting probation based on representations regarding defendant's mental health unless the presentence probation report included "something dramatic."

At the sentencing hearing in October 2021, the parties asked the trial court to follow probation's recommendation to make an unusual case finding in part due to untreated mental health conditions and because defendant was under the influence of alcohol during the offenses. Judge Wirtschafter followed probation's recommendation,

---

[3]  *People v. Harvey* (1979) 25 Cal.3d 754.

finding the case to be unusual "based upon mental health issues plus [his] concerns that you may, in fact, be a victim of domestic violence." The court warned defendant, however, to stay away from the victim and cautioned her that "if you don't stay away from him, to protect everybody involved, it's going to be a violation of probation. You're going to state prison. Clear?" Defendant responded, "Clear."

The court suspended imposition of sentence and granted probation, finding an unusual case "for the reasons set forth by the Probation Department" including that "her mental health status, while not amounting to a defense, is a mitigating circumstance such that if [d]efendant were to receive treatment, she could comply with probation." The court placed defendant on probation for three years for the corporal injury offense in case 831 and for two years for the obstruction offense in case 898 with various terms and conditions, including that she participate in substance abuse treatment and comply with any mental health directives.

In May 2022, probation filed petitions to revoke probation in both case 831 and case 898 for failing to obey all laws, failing to abstain from using controlled substances, and failing to participate in and successfully complete treatment and educational programs for mental health. The petitions specifically alleged that: (1) in March 2022 defendant violated Health and Safety Code section 11377, subdivision (a) by possessing a controlled substance (methamphetamine), which resulted in charges in Yuba County case No. CRM2200556; (2) in April 2022 defendant's urine sample tested positive for amphetamines; and (3) in March 2022 defendant was discharged from previously ordered mental health services due to excessive absences.

At a hearing before Judge Scrogin on May 27, 2022, defendant pleaded no contest to possession of methamphetamine in Yuba County case No. CRM2200556, and acknowledged that by doing so, the court would find her in violation of her probation in her prior matters. During the hearing, the prosecutor asked the court to warn defendant that "this is the end of her local time. If she violates again, it would be a prison sentence."

4

The court agreed, stating, "And as the People pointed out, there is really no room for reinstatement for you if you violate again." Defendant responded that she understood.

Judge Scrogin took judicial notice of her no contest plea in case No. CRM2200556 to find the first alleged probation violation proven, and defendant admitted the remaining two alleged violations—that she tested positive for amphetamines and that she failed to complete ordered mental health services. The court reinstated defendant on probation in both cases without making any additional unusual case findings.

In October 2022, probation filed a second petition to revoke probation in each case. The identical petitions alleged that on September 6, 2022, defendant submitted a urine sample that was positive for amphetamines and that on that same date she was ordered to enroll in and successfully complete a substance abuse and treatment program, but she failed to attend her scheduled intake assessment on September 12, 2022.

At a hearing before Judge Wirtschafter (the original sentencing judge) on January 11, 2023, defendant admitted probation violation allegation number two—that she failed to enroll in and complete a substance abuse treatment program. The matter was referred to probation for a supplemental report and set for sentencing the following month.

In February 2023, probation submitted a supplemental report outlining defendant's multiple failures to report as directed, listing several presumptive positive drug tests, and describing defendant's numerous failures to attend scheduled substance abuse intake assessments. The supplemental report detailed her extensive criminal history from 2006 to 2023 and found that her risk to reoffend was high.

Although defendant requested reinstatement on probation, the supplemental report noted that the trial court would have to make an unusual case finding given her two prior felony convictions. Probation did not recommend reinstatement, however, as defendant appeared willing to comply with probationary conditions only when she saw fit. She had been given multiple opportunities to enroll and participate in substance abuse treatment programs but failed to do so. She had also exceeded the maximum local custody time.

5

Because probation concluded that the factors in aggravation outweighed any factors in mitigation, probation recommended the court impose the midterm of three years for the corporal injury offense in case 831 and a consecutive eight months for the obstruction offense in case 898.

Judge Scrogin, who had reinstated defendant on probation following her first violation, conducted the sentencing hearing on the second violation of probation on February 6, 2023. At the hearing, defense counsel requested reinstatement on probation despite the probation department's recommendation to the contrary. Counsel argued that although defendant did not complete the program probation had recommended, she had obtained employment and was now working on an online video program through that employer addressing life skills, drug treatment, and coping with stress triggers. Counsel believed that given another chance, defendant would comply with whatever program probation recommended for her.

The prosecutor argued that the court could not make an unusual case finding under the circumstances. He argued that defendant's history showed she had a "major drug problem," which probation had repeatedly tried to help defendant address but that she had not been cooperative. Defendant's purported unemployment appeared unreliable, and she had been testing positive throughout the probationary period.

Defense counsel responded that while defendant's employment sounded "dubious," she obtained it through a church, and once she started attending church, she had tested negative on a few occasions. At no time during the hearing, however, did defendant argue that Judge Scrogin had to consider Judge Wirtschafter's prior unusual case finding or the basis for such a finding, before Judge Scrogin could decline to reinstate defendant on probation.

Before ruling, Judge Scrogin recounted defendant's lengthy criminal history, her previous violations of probation, and her failure to comply with the law; the court observed that she did not abstain from using controlled substances and she did not

6

participate in or complete treatment as ordered. While Judge Scrogin had hoped that defendant would follow through and successfully complete probation after the judge had reinstated defendant on probation following her first violation, the court concluded defendant was not likely to do so. Judge Scrogin "[could not] make an unusual case finding to reinstate her on a grant of probation," reasoning that defendant "won't show up, she doesn't cooperate, and [the court did not] think she's taking her problem so seriously."

The trial court denied reinstatement in both matters and sentenced defendant to three years on the corporal injury offense and a consecutive eight months (one-third the midterm) for the obstruction offense. The court imposed various fees and fines and awarded credits. Defendant timely appealed.

## DISCUSSION

Defendant contends the trial court erred in declining to reinstate her on probation without considering the basis for the unusual case finding made when defendant was initially placed on probation by a different judge. She primarily relies on *People v. Waldon* (2023) 14 Cal.5th 288, where our Supreme Court reversed the defendant's multiple convictions and death sentence for numerous heinous offenses, including murder, attempted murder, rape, and arson, because of errors in granting the defendant's request to represent himself. (*Id.* at pp. 290-291.) The Supreme Court, noting that there are limits on the authority of one superior court judge to set aside the order of another judge of the same court (Cal. Const., art. VI, § 4), found that the judge abused its discretion by granting the defendant's second *Faretta*[4] motion to represent himself while his competence to stand trial was still in question. The judge did so without considering a different judge's denial of the defendant's first *Faretta* motion or the extensive psychiatric evidence on which the first judge based its conclusion that defendant could not represent himself because he had a mental disorder that prevented him from competently waiving

---

[4] *Faretta v. California* (1975) 422 U.S. 806.

7

counsel. (*Waldon*, at pp. 294-303, 306-307 ["When a trial court exercises its authority to reconsider another judge's ruling, the trial court must, at minimum, consider the basis for the prior ruling"].)

We are skeptical of whether *Waldon* applies here given the obvious differences in the issues presented in that capital case. *Waldon* dealt with the fundamental right to adequate representation during trial while the defendant's competency was yet to be decided while this case involves a trial court's discretionary sentencing choice following a probation violation for a defendant represented by counsel during the proceedings. (See *People v. Casper* (2004) 33 Cal.4th 38, 43 [it is axiomatic that a case is not authority for propositions not considered].)

In any event, we need not decide whether *Waldon* controls here because, as the People argue and we agree, defendant failed to preserve the issue for review.[5] That is, defendant never objected below that Judge Scrogin had to consider Judge Wirtschafter's prior unusual case finding for purposes of determining whether to reinstate probation, and she cannot belatedly do so for the first time on appeal.

"Sentencing choices such as the one at issue here, whether to reinstate probation or sentence a defendant to prison, are reviewed for abuse of discretion." (*People v. Downey* (2000) 82 Cal.App.4th 899, 909.) "A denial of a grant of probation generally rests within the broad discretion of the trial court and should not and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner." (*People v. Edwards* (1976) 18 Cal.3d 796, 807.) The same abuse of discretion standard applies when reviewing a trial court's determination of whether a case is an unusual one permitting probation. (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831.)

---

[5] Defendant does not address the People's forfeiture argument in her reply brief.

8

Ordinarily, "complaints about the manner in which the trial court exercised its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356.) In such circumstances, applying the forfeiture or waiver doctrine on appeal is appropriate because "[r]outine defects in the court's statement of reasons [for a sentencing choice] are easily prevented and corrected if called to the court's attention." (*Id.* at p. 353.)

Here, defendant never argued below that Judge Scrogin could not decline to reinstate probation or otherwise find that the case was no longer unusual unless and until she considered the basis for Judge Wirtschafter's original unusual case finding based on defendant's mental health issues and the possibility that she was also a victim and perpetrator of domestic violence. Had defendant raised this issue, Judge Scrogin could have easily addressed the matter. By failing to do so, we conclude defendant forfeited the issue on appeal.

DISPOSITION

The judgment is affirmed.

 

 

 

/s/<br>
Wiseman, J.*

We concur:

/s/<br>
Hull, Acting P. J.

/s/<br>
Mesiwala, J.

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.