Filed 9/17/25  P. v. Littlefield CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>RONALD JAMES LITTLEFIELD,<br><br>     Defendant and Appellant. | D086152<br><br><br><br>(Super. Ct. No.RIF1313733) |


APPEAL from an order of the Superior Court of Riverside County, Joshlyn R. Pulliam, Judge.  Dismissed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.


Ronald James Littlefield purports to appeal the order denying his request under Penal Code section 1172.1 that the trial court recall the

sentence it had imposed several years earlier and resentence him.  The order is not appealable.  We dismiss the appeal for lack of jurisdiction.

## BACKGROUND

In December 2015, the trial court sentenced Littlefield to prison for four years four months, plus 195 years to life after a jury found him guilty of 10 sex crimes against one minor and five against another.  This court affirmed the judgment.  (*People v. Littlefield* (Feb. 26, 2018, D073015) [nonpub. opn.].)

In September 2024, Littlefield filed a form request for recall and resentencing under section 1172.1.  He checked boxes on the form stating that statutes that applied when he was sentenced had changed.  As grounds for relief, Littlefield alleged that when he was a child, his parents neglected him and his uncle abused him sexually, psychologically, and physically; his risk of committing another sex crime was low according to psychological and risk assessments; and he had realistic parole plans and knew how to identify and stop "triggers."

The trial court issued a minute order denying the request.  The order stated:  "Denied 1172.1(c) improper format."

Littlefield filed a timely notice of appeal from the order.  (Cal. Rules of Court, rule 8.308(a).)

## DISCUSSION

Littlefield challenges the trial court's order denying his request for recall of sentence and resentencing under Penal Code section 1172.1 (subsequent section references are to this code) on the ground the court misunderstood its authority to grant relief based on changes in sentencing laws that occurred after he was sentenced.  He acknowledges that under the statute he had no right to initiate the resentencing process and the trial court

had no duty to respond to his request. But, Littlefield contends, once the court chose to respond by denying the request on the erroneous ground it had no power to grant it, he was deprived of the right to a resentencing decision by the court in the exercise of its informed discretion. That deprivation, he says, makes the order appealable. Littlefield recognizes the case law on appealability is against him, but asks us to hold the order is appealable and to remand the matter to the trial court to exercise its discretion under section 1172.1. We follow the case law and dismiss the appeal.

A party has a right to appeal a trial court's order only if it is expressly made appealable by statute. (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).) As relevant to this matter, a defendant in a criminal case may appeal "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) As we shall explain, "we agree with the growing body of caselaw concluding a trial court's decision not to take any action on a section 1172.1 request initiated by a defendant does not affect his or her substantial rights." (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045 (*Brinson*).)

Section 1172.1 provides that a trial court "may, on its own motion, . . . at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced." (*Id.*, subd. (a).) "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (*Id.*, subd. (c).)

3

Section 1172.1, subdivision (c) makes clear a defendant has no right to have the trial court initiate a resentencing proceeding (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 697 (*Faustinos*)), and the court has no obligation to rule on (or even to respond to) a defendant's request that it do so (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996). "If the trial court is not required to act in response to a defendant's request, then defendant has no right to a decision as to whether the trial court will make its own motion to recall and resentence." (*People v. Roy* (2025) 110 Cal.App.5th 991, 998.) "If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Hodge*, at p. 996.) "We agree with [these courts'] reasoning and conclude a trial court's decision not to act on a defendant's section 1172.1 request for recall and resentencing does not affect his or her substantial rights and is therefore not appealable under section 1237, subdivision (b)." (*Brinson, supra*, 112 Cal.App.5th at p. 1047.)

We are not persuaded to reach a different conclusion by Littlefield's contention the wording of the minute order indicates the trial court acted "out of a mistaken belief that it could not initiate a review on its *own* motion." We are uncertain what the court meant by "improper format." Section 1172.1 does not prescribe the use of any particular form by a defendant requesting resentencing, undoubtedly because the statute does not authorize the defendant to file a request. The reference to "1172.1(c)" indicates the court was aware it need not take any action on Littlefield's unauthorized request. Nothing in the minute order suggests to us the court was unaware it had discretion to resentence him on its own motion. "But even assuming the trial court erroneously stated, in response to [Littlefield's] unauthorized request, that it lack[ed] authority to act on its own motion, we do not think that would

4

convert a nonappealable order into an appealable one." (*Faustinos, supra*, 109 Cal.App.5th at p. 698.) Appealability depends on the nature of the decision made, not on the court's reasons for the decision. (*Ibid.*) An order responding to an unauthorized request "(whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights" (*id.* at p. 696) and therefore is not appealable (§ 1237, subd. (b)).

We also are not persuaded that *Loper, supra*, 60 Cal.4th 1155, and *People v. Carmony* (2004) 33 Cal.4th 367 support Littlefield's position on appealability. In *Loper*, our Supreme Court held a prisoner could appeal an order denying compassionate release that was recommended by the Secretary of the Department of Corrections and Rehabilitation. (*Loper*, at p. 1158.) Under the governing statute, the prisoner was not authorized to initiate the compassionate release proceeding but the Secretary was; and once the Secretary had done so, the trial court was required to make a decision on the recommendation. (*Id.* at pp. 1160–1161 & fn. 3.) "These factors le[d] [the Supreme Court] to conclude the trial court's ruling clearly affected [the prisoner's] substantial rights for purposes of section 1237, subdivision (b)." (*Id.* at p. 1161, fn. 3.) By contrast, Littlefield's unauthorized request for recall of sentence and resentencing triggered no required action by the trial court that affected his substantial rights and resulted in an appealable order. In *Carmony*, the Supreme Court resolved a conflict in the Courts of Appeal over the standard of review for a denial of a defendant's motion to dismiss a prior strike conviction for sentencing purposes. (*Carmony*, at p. 374.) The Supreme Court noted the defendant had no statutory right to make such a motion, but in sentencing the defendant the trial could had to consider evidence offered in support of his assertion dismissal would be in furtherance

5

of justice and make a decision on that issue.  (*Id.* at p. 374.)  *Carmony* was an appeal from a judgment of conviction, and the Supreme Court did not consider appealability under section 1237, subdivision (b) or what "affecting the substantial rights of the party" means under that provision.  "[C]ases are not authority for propositions not considered."  (*People v. Casper* (2004) 33 Cal.4th 38, 43.)  Neither *Loper* nor *Carmony* supports a conclusion the order denying Littlefield's request for resentencing under section 1172.1 is appealable.

DISPOSITION

The appeal is dismissed.

IRION, Acting P. J.

WE CONCUR:

DO, J.

RUBIN, J.

6