Filed 12/18/25  P. v. Montes CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>RENE FRANCISCO MONTES,<br><br>　Defendant and Appellant. | 2d Crim. No. B340663<br>(Super. Ct. No. 2023027068)<br>(Ventura County) |

　　　Here we hold that out-on-bail enhancements (Pen. Code[1] § 2022.1, subd. (b)) do not apply when the offense for which the defendant was out on bail was reduced to a misdemeanor.  We also hold that under the Three Strikes law (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)), where strikes are dismissed for all but one of multiple felony counts, all felonies not committed on the same occasion and arising from the same set of operative facts must be sentenced consecutively.  (§ 667, subd. (c)(6).)

---

[1] All statutory references are to the Penal Code.

We strike the out-on-bail enhancements, and remand for resentencing.  In all other respects, we affirm.

FACTS

Rene Francisco Montes was convicted by a jury of three counts of unauthorized use of personal identifying information. (§ 30.5, subd. (a)) (counts 1-3).  In a bifurcated proceeding, Montes admitted six prior strikes pursuant to the Three Strikes law.  (§§ 667, subds. (c)-(e); 1170.12, subds. (a)-(c)) and two out-on-bail allegations (§ 12022.1, subd. (b)).

On count 1, the trial court sentenced Montes to the middle term of two years, doubled to four because of the prior strike, plus a consecutive two years for the out-on-bail enhancement, for a total of six years.  On counts 2 and 3, the court struck the prior strike enhancement and sentenced Montes to six-year terms consisting of the two-year middle term doubled to four plus two years for the out-on-bail enhancements concurrent with count 1.

DISCUSSION

*I. Out-on-Bail Enhancements*

The People concede the out-on-bail enhancements constitute an unauthorized sentence and must be stricken.  The offenses for which Montes was out on bail had resulted in misdemeanor pleas prior to the commission of the current offenses.

Section 12022.1, subdivision (b) provides: "any person arrested for a secondary offense that was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years, which shall be served consecutive to any other term imposed by the court."

Section 12022.1, subdivision (a)(1) defines "primary offense" as, "a felony offense for which a person has been released from custody on bail . . . ." Section 12022.1, subdivision (a)(2) defines "secondary offense" as, " a felony offense alleged to have been committed while the person is released from custody for a primary offense."

Here the two primary offenses were reduced to misdemeanors prior to sentencing in this case. Under the circumstance, section 12022.1 does not apply. (*People v. Reyes* (2016) 3 Cal.App.5th 1222, 1226-1227 [section 12022.1 does not apply where the primary offenses are reduced to misdemeanors].)

Because the sentence is unauthorized, the two-year enhancements under section 12022.1 must be stricken.

*II. Sentences on Counts 2 and 3 May Not be Doubled*

Montes contends the trial court erred in doubling the terms on counts 2 and 3.

The trial court doubled the terms on counts 2 and 3 under the Three Strikes law. The People concede that because the trial court dismissed the strikes as to count 2 and 3, there is no basis for doubling the terms on those counts.

*III. Sentences on Counts 2 and 3 Must be Consecutive*

Section 667, subdivision (c)(6), applicable to defendants sentenced under the Three Strikes law, provides: " If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e)."

Section 667, subdivision (c)(7) has a consecutive sentencing provision for a current conviction of more than one serious or violent felony counts.

3

Montes does not dispute that the three felony counts were not committed on the same occasion and did not arise from the same set of operative facts. Because the trial imposed a Three Strikes sentence on count 1, section 667, subdivision (c)(6) requires consecutive sentences for all counts.

With commendable candor, Montes's counsel directs us to *People v. Casper* (2004) 33 Cal.4th 38 (*Casper*). In *Casper*, the defendant pled guilty to 35 felony counts. The trial court dismissed Three Strikes allegations against all counts but one. As to those remaining counts that occurred on separate occasions the trial court stated that consecutive sentences were required, but if it had discretion, it would sentence concurrently on some counts. The Court of Appeal reversed, holding that the trial court had discretion to sentence concurrently. Our Supreme Court reversed the Court of Appeal, stating: "[B]y its terms, section 667, subdivision (c)(6) requires consecutive sentences whenever a defendant with one or more qualifying prior convictions is convicted, as here, of multiple serious or violent felonies 'not committed on the same occasion, and not arising from the same set of operative facts.' " (*Casper*, *supra*, 33 Cal.4th at p. 42, quoting *People v. Hendrix* (1997) 16 Cal.4th 508.)

Montes's attempt to distinguish *Casper* is based on the ground that *Casper* involved current serious and violent felonies. But section 667, subdivision (c)(6) requires consecutive sentences where "there is a current conviction for more than one felony count." It does not require that the current counts be serious or violent felonies.

Montes also argues that dicta in *People v. Henderson* (2022) 14 Cal.5th 34 (*Henderson*), shows *Casper* is limited to serious and violent felonies. *Henderson* held that under the

4

Three Strikes Reform Act for felonies committed on the same occasion or arising from the same set of operative facts – where section 667, subdivision (c)(6) and (7), does not apply – the trial court retains discretion to sentence concurrently or consecutively. (*Henderson*, *supra*, 14 Cal.5th at p. 56.)

In dicta, *Henderson*, *supra*, 14 Cal.5th 34, gives an example of a defendant with two prior strikes. The defendant is newly convicted of two robberies on two different days and two unrelated counts of auto theft. The trial court dismissed one strike. Our Supreme Court states that the robbery convictions must be sentenced consecutively, and the auto theft conviction sentences must be consecutive to the robbery sentences. But the auto theft convictions may be sentenced consecutively or concurrently to each other. (*Henderson*, at p. 56.)

Our Supreme Court cites no authority for its conclusion that the auto theft conviction sentences may be concurrent with each other. We wonder how this conclusion can be reconciled with the requirements of section 667, subdivision (c)(6) and *Casper*, *supra*, 33 Cal.4th 38.

Montes argues that *Casper*, *supra*, 33 Cal.4th 38 relied on section 667, subdivision (c)(6), as applying to all felonies, and subdivision (c)(7), as applying to serious and violent felonies. He appears to conclude that section 667, subdivision (c)(6) does not require consecutive sentences in the absence of felonies qualifying under subdivision (c)(7). But nowhere does *Casper* or *Henderson*, *supra*, 14 Cal.5th 34 say that. *Casper* relies on both section 667, subdivision (c)(6) and (7) for the simple reason that the defendant pled guilty to 35 felonies, some of which are governed by section 667, subdivision (c)(6), and others by subdivision (c)(7). Nothing in the plain language of section 667,

5

subdivision (c)(6) makes its application contingent on subdivision (c)(7).

Moreover, in *Henderson*'s example, the defendant's two new robbery convictions qualify for enhancement under section 667, subdivision (c)(7) as violent crimes. (See § 667.5, subd. (c)(9).) The theft convictions in the example are governed by section 667, subdivision (c)(6). Thus even under Montes's theory, the sentences for the theft convictions in the example must be consecutive to each other.

We agree with the People. Either our Supreme Court's example in *Henderson* is mistaken, or the Supreme Court is assuming that the two theft convictions were committed on the same occasion and arose from the same set of operative facts. Either way, the example has nothing to do with this case. Section 667, subdivision (c)(6) mandates consecutive sentences.

We must remand for resentencing. But our Supreme Court has cautioned that a defendant may not be prejudiced for exercising his right to appeal, and the trial court on remand may not impose an aggregate term greater than the one defendant initially received. (*Henderson, supra*, 14 Cal.5th at p. 56.)

DISPOSITION

The enhancements imposed pursuant to section 12022.1 are stricken and the matter is reversed and remanded for resentencing. In all other respects the judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.          BALTODANO, J.

6

Robert J. Schuit, Judge

Superior Court County of Ventura

_____

Michael H. Casey, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.