Filed 10/7/25  P. v. Torres CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>ERIC TORRES,<br><br>    Defendant and Respondent. | F088983<br><br>(Super. Ct. No. F23907846)<br><br><br>OPINION |

-ooOoo-

THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Rex Williams, under appointment by the Court of Appeal, for Defendant and Respondent.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Julie A. Hokans and Galen N. Farris, Deputy Attorneys General, for Plaintiff and Appellant.

-ooOoo-

---

\*        Before Meehan, Acting P. J., Snauffer, J. and DeSantos, J.

The People appeal from the judgment of conviction following a no contest plea by second strike defendant Eric Torres to two counts of second degree robbery. The robberies were committed one day apart in two different cities against separate bank and teller victims. The trial court sentenced defendant to an aggregate prison term of six years, comprised of the middle term of three years, doubled to six years due to the strike prior on the first count and a concurrent term of six years as to the second count.

The People argue the sentence was unlawful because consecutive sentences were mandatory under the "Three Strikes" law, as the robberies were not committed on the same occasion, and did not arise from the same set of operative facts.

We agree with the People that consecutive sentencing was mandatory under the circumstances of the present case. We vacate the sentence and remand the matter for full resentencing consistent with the views expressed in this opinion.

## PROCEDURAL AND FACTUAL BACKGROUND

Defendant was charged by information with two counts of second degree robbery (Pen. Code,[1] § 211). Count 1 was alleged to have taken place on or about March 18, 2022, with P.B. and Chase Bank named as victims. Count 2 was alleged to have taken place on March 19, 2022, with E.G.B. and Bank of America named as victims. It was further alleged defendant had suffered a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and a prior serious felony conviction (§ 667, subd. (a)(1)) for the same offense, a 2012 burglary. Defendant initially pled not guilty to the charges.

Defendant subsequently decided to change his plea. He sought to plead no contest to both counts and admit the alleged prior conviction as both a strike and a prior serious felony. The trial court indicated a sentence of "no less than eight years," made up of the middle term of imprisonment on count 1 and consecutive sentences on counts 1 and 2. The court noted it had "no reason to run it concurrent" but was "still open to hear reasons

---

[1]     All further undesignated statutory references are to the Penal Code.

… at the sentencing" hearing.  The court further indicated the sentence could be up to 13 years because it had made no promises that it would strike the serious felony prior in the interest of justice but would consider doing so.

The trial court denied the prosecution's subsequent request to file a second amended information to add additional allegations including "more of the defendant's criminal history," stating it was inappropriate because defendant "has entered a full admission change of plea without any bargain benefits from the People."

Defendant pled no contest to both counts of second degree robbery.  He further admitted the strike and serious felony prior.  Counsel stipulated to a factual basis of the plea pursuant to *People v. West* (1970) 3 Cal.3d 595.

The probation report set forth the following facts of the offense.  On March 18, 2022, at approximately 1:42 p.m., officers were dispatched to Chase Bank in Fresno for a robbery that had just been committed by an individual later identified as defendant.  Defendant used a demand note containing a physical threat to obtain approximately $400 from the teller and fled the immediate area.  Officers retrieved surveillance footage from a nearby gas station which showed defendant getting into a Volkswagen Passat.  On March 19, 2022, at approximately 12:56 p.m., officers were dispatched to Bank of America in Selma, where defendant had just committed a robbery using a similar demand note to obtain $2,600 and afterwards got into the rear passenger seat of a Honda and fled the immediate area.  On March 20, 2022, the defendant was involved in a traffic collision and was identified by the police.  A demand note was located in defendant's accomplice's possession.  Defendant maintained denial of involvement in the robberies to law enforcement.

The probation report also included defendant's criminal history, including a misdemeanor juvenile adjudication and an adult criminal record consisting of misdemeanor resisting arrest; first degree burglary (the strike offense), for which he was initially granted probation but served a prison term after being found in violation; a

federal conviction for possession of an unregistered firearm, for which he was sentenced to prison; and unlawful taking of a vehicle, for which he was sentenced to prison and released in October 2021.

At the sentencing hearing, defense counsel requested concurrent sentencing. Counsel recognized "that this is sort of a broad interpretation of the same operative set of facts, which is required under the Three Strikes rules," but argued the trial court could impose concurrent sentencing based on the fact the cases were tried together, and the facts and circumstances of each robbery were "very similar." Counsel argued concurrent sentencing was appropriate under the circumstances.

Defense counsel also requested the trial court strike defendant's strike prior. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.) Counsel noted the age of the strike offense and defendant's youth at time of its commission.

Finally, defense counsel informed the trial court that defendant was engaged to be married and had work prospects for when he was released and argued there was a basis for the court to impose the lower term.

The prosecutor opposed defendant's *Romero* request because he did not take advantage of being granted probation for the strike offense and because of the nature of the conduct in the present case.

The prosecutor also argued that the sentences should run consecutively. The trial court asked the prosecutor, "And your proposition … is that the Court cannot find this one continuous course of conduct even though they were on separate dates and such, and separate locations, separate victims?" The prosecutor responded, "That is correct .… Separate dates, separate victims, separate notes, separate amount of U.S. currency obtained. Just the—the break in time and while the defendant's course of conduct may be similar, the People believe that these events are distinct enough, primarily noting the effect and impact it had on two separate victims, two separate locations. The People believe they are not one course of conduct."

The trial court then asked the prosecutor, "But it is possible for the Court to believe so and articulate the nature of the offenses, the close-in-time proximity, not the same day, but in close proximity dates, the type of businesses that they were, in fact, handed out the various notes, the two different notes that the Court may, due to those similarities, find it to be one course of conduct; correct?" The prosecutor responded, "Yes, Your Honor."

The trial court denied defendant's *Romero* request, finding that in reviewing defendant's criminal history, including the facts and circumstances of the strike offense, defendant had not successfully completed any probationary period and not been crime-free unless he was incarcerated, and defendant was not a "suitable candidate" for dismissing the strike offense. The court did however exercise its discretion to strike the serious felony prior enhancement, noting it would only be using defendant's prior to double the principal term.

The trial court selected the middle term of imprisonment of three years as to count 1, doubled to six for the strike prior, in accordance with that term being "the Court's indicated." The court went on, "And although I agree with [the prosecutor] that the Court may consider these facts separate and apart from each other and not find it to be a continuous course of conduct, I do believe that the Court has the discretion to review the facts as [defense counsel] pointed out, the close proximity of the two dates. Yes, they're not in the same even town for that matter, but it is the same MO, the same modus operandi that [defendant] is using. And the Court is going to give him the benefit of one continuous course of conduct and Count Two will run concurrent with the middle term to Count One, so it will not be consecutive. It will be a total term of six years."

## DISCUSSION

The Three Strikes law provides that if a defendant with a prior strike conviction is convicted of multiple felony counts "not committed on the same occasion, and not arising from the same set of operative facts," their sentences must run consecutive. (§§ 667,

5.

subd. (c)(6) & (7), 1170.12, subd. (a)(6) & (7).) The court retains its discretion to impose concurrent sentences on strike convictions that are committed on the same occasion or arise from the same set of operative facts. (See *People v. Henderson* (2022) 14 Cal.5th 34, 56; *People v. Hendrix* (1997) 16 Cal.4th 508, 513–514.)

The People assert consecutive sentencing was mandatory under the facts of this case under the provisions of the Three Strikes law, and therefore the trial court had no discretion to impose concurrent sentences. We agree.

## I.      Appealability

As a threshold matter, defendant argues the order was not an appealable order by the People, and the appeal must be dismissed. We conclude the People's appeal is proper.

"The prosecution in a criminal case has no right to appeal except as provided by statute." (*People v. Williams* (2005) 35 Cal.4th 817, 822–823.) As relevant here, section 1238, subdivision (a)(10) provides that the People may appeal from: "The imposition of an unlawful sentence, whether or not the court suspends the execution of the sentence, except that portion of a sentence imposing a prison term which is based upon a court's choice that a term of imprisonment (A) be the upper, middle, or lower term, unless the term selected is not set forth in an applicable statute, or (B) be consecutive or concurrent to another term of imprisonment, unless an applicable statute requires that the term be consecutive. As used in this paragraph, 'unlawful sentence' means the imposition of a sentence not authorized by law or the imposition of a sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of an enhancement or prior conviction."

Here, as we have stated above, section 667, subdivision (c), paragraphs (6) and (7), and section 1170.12, subdivision (a), paragraphs (6) and (7) provide consecutive sentencing is mandatory where the offenses are "not committed on the same occasion, and not arising from the same set of operative facts."

Defendant argues the People may not appeal from the judgment in this case because neither statute "can be considered 'an applicable statute [that] requires that the term be consecutive' " because the court is required to make additional factual findings before it is required to order consecutive sentencing.

We reject defendant's argument. We understand the People's argument to be that the undisputed facts of this case compelled consecutive sentencing as a matter of law. Thus, if the People's claim is correct, the trial court was required by statute to impose consecutive sentences. We therefore conclude sections 667, subdivision (c) and 1170.12, subdivision (a) constitute statutes that "require[] that the term be consecutive," under section 1238, subdivision (a)(10), and accordingly that the concurrent sentence imposed here is appealable by the People.

Defendant also contends the sentence was not unlawful and thus not appealable by the People because the total prison time imposed could have been lawfully imposed had the trial court struck the strike prior or imposed the lower term of imprisonment. Defendant cites the general precept that "a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) We are not convinced. Here, if the court was prohibited by law to impose concurrent sentences under the facts of this case, any sentence containing concurrent sentencing is unlawful under any circumstances; or, in other words, it was not discretionary. The provisions mandating consecutive sentencing for crimes committed on different occasions relate to " 'the focus of the three strikes law, which is recidivism … and ensur[ing] longer prison sentences and greater punishment' " for those who come under the sentencing scheme. (*People v. Lawrence* (2000) 24 Cal.4th 219, 226–227 (*Lawrence*).) As such, mandated consecutive sentencing might be significant to a court's other sentencing decisions, either because its effect means a longer sentence is warranted in a given case, or because it may influence a court to make other permissible discretionary choices to lessen that effect. Defendant has not persuaded us

7.

that the fact the court could have, had it made findings and determinations inconsistent with ones it actually made,[2] sentenced him to the same total prison term precludes the People from challenging this legal error.

In any event, "[a] *claim* of unlawful sentence is appealable under [section] 1238[, subdivision] (a)(10), even [if the court ultimately concludes] that the sentence was *not* unlawful." (6 Witkin, Cal. Criminal Law (5th ed. 2025) Criminal Appeal, § 97, p. 362; see *People v. Carranza* (1996) 51 Cal.App.4th 528, 531; *People v. Trausch* (1995) 36 Cal.App.4th 1239, 1243, fn. 5.)

Defendant also points out that the prosecutor agreed that the trial court could find concurrent sentencing was appropriate in this case and are thus estopped from making a contrary claim now. We do not find the prosecutor's statements at sentencing have any effect of preclusion on the People's appeal, where they are arguing the court imposed an unlawful sentence. (See *People v. Carranza*, *supra*, 51 Cal.App.4th at p. 532 [the People are not estopped from challenging an unlawful sentence by acquiescence]; see also *People v. Scott*, *supra*, 9 Cal.4th at p. 354 ["unauthorized sentences" are a "narrow

---

**2** We note that the trial court considered and denied defendant's request to strike the strike prior. Defendant does not cite any authority that stands for the proposition that the court may dismiss a strike prior for the purpose of eliminating one Three Strikes law statutory consequence, such as mandatory consecutive sentencing, but not another, like doubling the principal term. Indeed, even if the court in this case were to dismiss the strike prior as to one of the counts, but not the other, the mandatory consecutive sentencing provisions would still apply. (*People v. Casper* (2004) 33 Cal.4th 38, 42–43.)

The trial court also indicated it believed the offenses merited the middle term, both by its indicated sentence and its decision to ultimately impose the middle term. The probation report only included one circumstance in mitigation, that multiple enhancements were alleged.

We acknowledge and understand the trial court may have deemed six years to be an appropriate sentence, and fashioned the sentence with the purpose of reaching that total term. Upon remand, it may fashion a sentence in whatever way it deems appropriate by deciding to revisit some of its sentencing choices, so long as it is consistent with this opinion and otherwise lawful. We express no opinion on if or how it might do so.

8.

exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal"].)

## II.    Analysis

### A.    *Relevant Legal Principles*

As we have stated above, under the Three Strikes law, a trial court is required to order consecutive sentencing on crimes "not committed on the same occasion, and not arising from the same set of operative facts."  (§§ 667 subd. (c)(6) & (7), 1170.12, subd. (a)(6) & (7).)

The Supreme Court has construed the phrase "not committed on the same occasion" to have its "ordinary, generally understood meaning"; that is, "not committed within close temporal and spa[t]ial proximity of one another."  (*Lawrence*, *supra*, 24 Cal.4th at pp. 226, 233; see *People v. Deloza* (1998) 18 Cal.4th 585, 599 (*Deloza*).)  The court has been explicit that the analysis is not the same as the analysis regarding whether multiple punishment is barred by section 654 for crimes committed in an indivisible course of conduct.  (*Deloza*, at p. 594.)

The Supreme Court has construed the phrase "not arising from the same set of operative facts" as "not sharing common acts or criminal conduct that serves to establish the elements of the current felony offenses of which [the] defendant stands convicted."  (*Lawrence*, *supra*, 24 Cal.4th at p. 233.)  The phrase "not arising from the same set of operative facts" also "import[s] the same concepts of closeness in time and space as the phrase 'same occasion.' "  (*Id*. at p. 231.)

" '[A]dditional factors [to the ones set forth above] may be found relevant in defining the precise parameters of [both] phrase[s] in future cases.' "  (*Lawrence*, *supra*, 24 Cal.4th at p. 233; *Deloza*, *supra*, 18 Cal.4th at p. 596.)

In applying these principles to facts, the Supreme Court in *Deloza* has found that concurrent sentencing was discretionary where four robberies were committed in one location (a furniture store), were brief in duration, were committed essentially

simultaneously against the same group of victims (four individuals present in the store), and no intervening event could be considered to separate one robbery from the other. (*Lawrence*, *supra*, 24 Cal.4th at p. 227; *Deloza*, *supra*, 18 Cal.4th at p. 589, 595–596.)[3]

Distinguishing the case before it from *Deloza*, the Supreme Court in *Lawrence* affirmed a trial court's determination that consecutive sentencing was required where a Three Strikes defendant committed felony petty theft at a market and, two to three minutes after fleeing the market, committed assault with a deadly weapon at a location one to three blocks away from the market. (*Lawrence*, *supra*, 24 Cal.4th at pp. 224–225, 229.) The *Lawrence* court concluded that within the generally understood meaning of "same occasion," "the theft from the market, and the [subsequent] aggravated assaults … were not committed on the same occasion" finding relevant the crimes did not occur simultaneously, did not involve the same act, and instead were in "two separate locations" and involved "two entirely separate groups of victims" (*Id*. at pp. 228–229.) Further, in determining that the defendant's crimes did not arise from the same set of operative facts, the *Lawrence* court reasoned the assault was a "new and different offense[]" from the initial theft and that the "criminal episodes were separated spa[t]ially by at least one to three city blocks, and temporally by two or three more minutes .…" (*Id*. at pp. 233–234.)

Also relevant to our analysis is the Court of Appeal case *People v. Durant* (1999) 68 Cal.App.4th 1393 (*Durant*). Similar to the present case, *Durant* is a People's appeal from concurrent sentencing for a Three Strikes defendant. There, the appellate court found consecutive sentencing was statutorily required where the defendant committed two attempted burglaries against two separate victims in the same housing complex

---

**3**    Because the *Deloza* court had "no difficulty concluding they were 'committed on the same occasion,' " it did not reach whether those crimes arose from the same set of operative facts. (*Lawrence*, *supra*, 24 Cal.4th at p. 227.)

within a few minutes and committed a completed burglary several streets away against a third victim within about 15 minutes. (*Id*. at pp. 1396–1399.)

To come to this conclusion, the *Durant* court held that because the crimes were "separated by more than seconds, and in separate places, and … involved different victims," they did not occur on the same occasion as the phrase is commonly understood. (*Durant*, *supra*, 68 Cal.App.4th at pp. 1405, 1407.) The *Durant* court further concluded the crimes did not arise out of the same operative facts. It reasoned that the crimes did not overlap and that a single overarching intent to steal money was not a helpful factor in determining whether a series of thefts arose from the same operative facts. (*Id*. at p. 1407.)

Notably, to illustrate, the *Durant* court explained, "the commission of one robbery of a store a day for several days to obtain money would not be crimes committed on the same occasion or arise out of the same operative facts." (*Durant*, *supra*, 68 Cal.App.4th at p. 1407.) Similarly, in *People v. Henderson*, *supra*, 14 Cal.5th 34, the Supreme Court relatively recently noted that in a scenario it posed to illustrate the effect of Proposition 36 on Three Strikes sentencing, where a hypothetical defendant was convicted of "robbing two stores on two different days," the second robbery term "must be ordered to run consecutively to the first because both offenses were committed on separate occasions and did not arise from the same set of operative facts." (*Henderson*, at p. 55.) In another illustrative example, the *Henderson* court explained where a defendant "went into a store, robbed the clerk, and on his way out, also robbed a patron," "the two robberies … were committed on the same occasion[, and] the court would have the discretion to order the sentence for each robbery to run either consecutively or concurrently to each other." (*Henderson*, at p. 56.)

### B.     Application

Applying these principles, we conclude that under any standard of review,[4] consecutive sentencing was mandatory.

Here, it is undisputed that the robberies occurred in different towns on different days against wholly separate victims. We conclude they were not committed on the same occasion as a matter of law. As we have explained, controlling case law generally establishes that crimes must happen near simultaneously, in the same location, to be considered as occurring on the same occasion. Courts, including our high court, have expressly cited robberies occurring on different days as clear-cut examples of crimes happening on different occasions. Further, defendant's offenses were separated by much more time and space than those addressed in *Durant*, for which the appellate court held consecutive sentencing was required despite the lower court finding concurrent sentences were permissible.

We further conclude the two offenses did not arise from the same set of operative facts as a matter of law. The first robbery was completed before the second robbery commenced. A robbery "is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) After defendant had obtained the money from the

---

**4**     Sentencing determinations are generally reviewed for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) Factual findings underlying sentencing decisions are reviewed for substantial evidence. (See *People v. Kurtenbach* (2012) 204 Cal.App.4th 1264, 1289.) Pure questions of law, however, such as the effect or legal significance of undisputed facts, are reviewed de novo. (*Ghirado v. Antonioli* (1994) 8 Cal.4th 791, 799.)

Though the parties do not address standard of review directly, they appear to disagree as to which applies. Defendant, while maintaining the appeal is not proper, suggests that if we review the merits of the People's appeal, a substantial evidence standard is appropriate. The People appear to be suggesting we apply a de novo standard.

Like in *Durant*, *supra*, 68 Cal.App.4th 1393, we need not decide which standard of review to apply because we find error under any standard. (*Id*. at p. 1402, fn. 8.)

first robbery, an entire day had passed, and defendant was in a different car by the time he committed the second robbery, giving him ample time to reflect upon and form new intent to commit another robbery.[5]  No facts were presented tying the two robberies together, and none of the facts underlying the first robbery constituted the elements of the second robbery.[6]

Defendant's arguments are focused primarily on procedural bars to the People's claim, but he does briefly assert that the trial court properly exercised discretion in making the findings it did.  In doing so, however, he does not meaningfully address the cases that inform our analysis.

Defendant points out procedural differences between the present case and *Deloza* and *Lawrence* in an effort to persuade us they are of no relevance.  Defendant ignores the substantive statutory interpretation and guidance that the Supreme Court provides in these two cases that we, and the trial court, are bound by.  (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  He does not address the substantive issue of whether the offenses occurred on the same occasion or arose from the same set of operative facts as those terms have been construed by our high court.

---

[5]    Though defendant does not make this argument, we note the *Lawrence* court rejected the argument that it was relevant whether the subsequent crimes were committed during escape from the initial crime scene, concluding "[w]e do not believe it was intended that the mandatory consecutive-sentencing provision of the three strikes law not apply to the commission of different crimes perpetrated against different groups of victims merely because the later crimes occurred while the defendant was still in flight from the initial crime scene." (*Lawrence*, *supra*, 24 Cal.4th at p. 229.)  The court went on, "No principle of criminal law shields a defendant from conviction of all such offenses, nor does section 654 prohibit multiple punishment for crimes of violence against multiple victims." (*Ibid*.)

[6]    We find the trial court's reliance on defendant using the same modus operandi or any other similarity between the offenses was not appropriate given the facts of the present case, particularly the separation of time and space between the offenses.

We express no opinion on whether a defendant's modus operandi might be relevant in other cases.

13.

Defendant briefly addresses *Durant* but does not engage with the facts of the case or assert it was wrongly decided. Rather, he points out that the *Durant* defendant underwent a jury trial, whereas he entered a *West* plea without admitting to a factual basis for the plea, and the prosecutor appeared to agree the facts could arguably support that concurrent sentencing could be imposed. We do not find these attempts to distinguish *Durant* persuasive. We do not find that defendant entering a *West* plea rendered the facts that were available to the trial court through the charging document and the probation report somehow irrelevant in the court's determination of whether it was required to impose consecutive sentences. Rather, it was understood through the circumstances of defendant's plea that the court would consider defendant's arguments that concurrent sentencing could be imposed, which necessarily includes discussion of the available facts of the case. The most relevant facts to the discussion—that defendant committed the offenses on two separate days against two separate victims—were part of the charging document. And, as we have stated above, we do not find the prosecutor's comments below preclude the claim the People now raise or make the relevant cases inapplicable.

For the above reasons, we conclude consecutive sentencing was mandatory in the present case.

## III.   Remedy

Defendant contends that in the event we were to credit the People's argument, he is entitled to full resentencing. The People do not directly respond to this assertion but appear to agree. We agree full resentencing is appropriate for the trial court to be able to impose the sentence it finds appropriate in a lawful manner. (See *People v. Calderon* (1993) 20 Cal.App.4th 82, 88.)

Defendant also argues he should be allowed to withdraw his plea upon remand, and the People expressly agree. However, this appears to be based on both parties' assertion that defendant's plea was the result of a "negotiated plea bargain" with the People. (See *People v. Baries* (1989) 209 Cal.App.3d 313, 316, 319 [defendant allowed

to withdraw from plea where unauthorized concurrent sentence was imposed and concurrency was an express condition of the plea agreement]; see also *People v. Pinon* (1973) 35 Cal.App.3d 120, 125 ["[i]f the court is for some reason unable to effectuate the bargain, a defendant must be given an opportunity to withdraw his guilty plea"]; § 1192.5.)

We disagree with the parties' premise, as it does not appear to be supported by the record before us. The trial court stated on the record clearly that the plea followed a court indicated sentence for consecutive sentencing, where the court was making no specific promises and "without any bargain benefits from the People." As such, we do not think it is appropriate to *require* the court to allow defendant to withdraw his plea. Rather, we conclude whether defendant should be allowed to withdraw his plea is better suited for the court to decide in the first instance considering all relevant facts and circumstances before it, including perhaps that the court suggested it would be open to hearing arguments on concurrent versus consecutive sentencing if and when an appropriate motion is made. (See § 1018.) We express no opinion on how the court should rule on any motion to withdraw defendant's plea.

We also reiterate that we express no opinion on how the trial court may make any discretionary sentencing decisions upon resentencing. (See, *ante*, fn. 2.)

## DISPOSITION

The sentence is vacated, and the matter is remanded for a full resentencing in a manner consistent with this opinion.